# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# SCRANTON DIVISION

| | |
|---|---|
| **Bethany LaSpina,** on behalf of herself and all others similarly situated, | Case No. 3:18-cv-02018-MEM |
| Plaintiff, | |
| v. | **Second Amended Complaint— Class Action** |
| **SEIU Pennsylvania State Council; SEIU Local 668; SEIU Healthcare PA; SEIU Local 32BJ; Pennsylvania Joint Board of Workers United; Lackawanna County Library System; Scranton Public Library,** | |
| Defendants | |

Bethany LaSpina is a former member of SEIU Local 668. She brings this class action on behalf of herself and others similarly situated, seeking redress for the defendants' past and ongoing violations of her constitutionally protected rights. The defendants violated Ms. LaSpina's rights and the rights of her fellow class members by establishing an "agency shop," where Ms. LaSpina and her fellow employees were compelled to pay money to SEIU locals as a condition of their employment. And SEIU Local 668 and Ms.

LaSpina's employer continued to violate Ms. LaSpina's rights by diverting union dues from her paycheck—even after she clearly and unequivocally communicated to the union and her employer that she wanted to terminate her union membership and halt the payroll deduction of union-related fees—stopping only after Ms. LaSpina sued to enforce her constitutional right to withdraw from union membership.

Ms. LaSpina sues on behalf of two separate classes. The first class consists of all public employees who were forced to pay money to affiliates of SEIU Pennsylvania against their will as a condition of employment. Before the Supreme Court's ruling in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018), Ms. LaSpina and her fellow class members were compelled to choose between joining an SEIU local and paying full membership dues, or declining union membership and paying a slightly reduced amount to the union in "fair share fees." *See* 71 Pa. Stat. § 575(b)–(c) (attached as Exhibit 1). Ms. LaSpina sues on behalf of all public employees who were compelled to subsidize SEIU Pennsylvania or its affiliates against their will on account of this unconstitutional agency-shop arrangement. The class includes: (1) employees who refused to join the union and paid "fair share fees"; (2) employees who joined the union because they were never informed of their constitutional right to decline union membership and pay a reduced amount in "fair share fees"; and (3) employees who reluctantly joined an SEIU local but who never would have joined or paid any money to the union had they not been compelled to work in an unconstitutional agency shop. Ms. LaSpina seeks a refund of all money that the

class members unwillingly paid to these SEIU Locals as a condition of their employment—regardless of whether a class member retained or resigned his union membership.

The second class consists of all employees in bargaining units represented by affiliates of SEIU Pennsylvania who: (1) want to resign their union membership and terminate financial support of the union; (2) would choose to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; or (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*. Some of these class members have already tried to quit the union and halt union-related payroll deductions but have been thwarted from doing so by the union. And all of these class members have been subjected to union-related payroll deductions that they have not knowingly and freely consented to. Ms. LaSpina is seeking injunctive relief on behalf of this class, and she asks the Court to enjoin SEIU Pennsylvania and its affiliates from taking money from any public employee until the union obtains a freely given and fully informed waiver of the employee's constitutional rights under *Janus*.

## JURISDICTION AND VENUE

1.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2.  Venue is proper because at least one defendant resides or has its offices located in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

# PARTIES

3. Plaintiff Bethany LaSpina resides in Lackawanna County, Pennsylvania.

4. Defendant SEIU Pennsylvania State Council is a labor union whose offices are located at 1500 North Second Street, Suite 11, Harrisburg, Pennsylvania 17102. SEIU Pennsylvania State Council coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania. For simplicity and ease of exposition, we will refer to this defendant as "SEIU Pennsylvania" in our court filings.

5. Defendant SEIU Local 668 is a local union affiliated with SEIU Pennsylvania. Its offices are located at 2589 Interstate Drive, Harrisburg, Pennsylvania 17110.

6. Defendant SEIU Healthcare PA is a local union affiliated with SEIU Pennsylvania. Its offices are located at 1500 North Second Street, Harrisburg, Pennsylvania 17102.

7. Defendant SEIU Local 32BJ is a local union affiliated with SEIU Pennsylvania. Its offices are located at 1515 Market Street, 10th Floor, Philadelphia, Pennsylvania 19102.

8. Defendant Pennsylvania Joint Board of Workers United is a local union affiliated with SEIU Pennsylvania. Its offices are located at 1017 Hamilton Street, Allentown, Pennsylvania 18101.

9. Defendant Lackwanna County Library System is a political subdivision of the Commonwealth of Pennsylvania. Its offices are located at 520 Vine Street, Scranton, Pennsylvania, 18509.

10. Defendant Scranton Public Library (also known as the Albright Memorial Library) is a member library of the Lackawanna County Library System. It is located at 500 Vine Street, Scranton, PA 18509.

## FACTS

11. Plaintiff Bethany LaSpina is employed by the Lackawanna County Library System, and she currently works at the Scranton Public Library. She has worked for the Library System as a full-time employee since 2015.

12. Ms. LaSpina worked in an "agency shop," where she was forced to pay money to SEIU Local 668 as a condition of her employment.

13. Ms. LaSpina opposed and continues to oppose paying money to SEIU Local 668, because she disapproves of the union's political advocacy and collective-bargaining activities, as well as the excessive salaries that the union pays to its leaders. Nevertheless, Ms. LaSpina enrolled and remained in the union because she was instructed to fill out a union-membership form at her job orientation, and she was never informed nor made aware of her right to refuse union membership and pay a reduced amount in "fair share fees."

14. Ms. LaSpina would never have joined the union had she known that she had a right to refuse union membership. Had Ms. LaSpina been informed of her right to decline union membership and pay "fair share fees," she would

have chosen that option. But at no point did the union or Ms. LaSpina's employer disclose that this option was available.

15. On November 16, 2016, Ms. LaSpina sent an e-mail to Ann Buntz, the library's human resources officer, and asked whether union membership was compulsory. Ms. Buntz wrote back on November 14, 2016, and incorrectly told Ms. LaSpina that "[t]he union dues are mandatory by law." *See* Exhibit 2.

16. Ms. LaSpina's union membership was caused by a union and employer that induced her to believe that she had no choice but to join as a condition of her employment, and that refused to inform her of her right to eschew union membership and pay a reduced amount in "fair share fees." The union has never obtained Ms. LaSpina's freely given and fully informed consent to union membership, and it has never obtained her freely given and fully informed consent to pay union membership dues.

17. After the Supreme Court's ruling in *Janus*, Ms. LaSpina resigned her union membership and demanded that SEIU Local 668 stop taking money from her paycheck. On August 20, 2018, Ms. LaSpina mailed a letter to SEIU Local 668 and to her employer's human resource department that stated: "I am immediately terminating my membership in the union and all its affiliates and revoking any previous dues authorization, check off, or continuing membership form that I may have signed." *See* Exhibit 3.

18. SEIU Local 668, however, continued to collect dues from Ms. LaSpina's paycheck, in contradiction of her clear and explicit instructions.

Mr. LaSpina's paycheck of October 12, 2018, still had money deducted for union dues—nearly two months after she had informed the union and her employer that she had resigned her union membership.

19. Other public-employee unions affiliated with SEIU Pennsylvania, including defendants SEIU Healthcare PA, SEIU Local 32BJ, and Pennsylvania Joint Board of Workers United, enforced unconstitutional agency shops before the Supreme Court's ruling in *Janus* and violated the constitutional rights of the plaintiff class members by tapping their paychecks against their will.

## COUNT 1: UNCONSTITUTIONAL AGENCY SHOP

20. The compelled subsidy that Ms. LaSpina and her fellow class members were forced to pay to SEIU Pennsylvania and its affiliates violated their constitutional rights—regardless of whether they chose to remain in the union and pay full membership dues or resign their membership and pay "fair share fees." *See Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018). Anyone who was forced to pay money to these unions against their will has suffered a constitutional injury.

21. The Supreme Court's ruling in *Janus* is retroactive. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 96 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law.").

22. SEIU Pennsylvania and its affiliates, as well as Lackawanna County Library System and Scranton Public Library, were acting under color of state law by imposing these mandatory union payments on Ms. LaSpina and her fellow

class members. *See* 71 Pa. Stat. § 575(b)–(c) (attached as Exhibit 1); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982).

23.  Ms. LaSpina and her fellow class members are therefore entitled to a refund of the money that was forcibly taken from them in violation of their constitutionally protected rights. Indeed, the text of 42 U.S.C. § 1983 compels this result. *See* 42 U.S.C. § 1983.

24.  The affirmative defense of qualified immunity is unavailable to county and municipal entities. *See Owen v. City of Independence,* 445 U.S. 622 (1980). The defense of qualified immunity is likewise inapplicable to private entities such as labor unions. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

25.  Even if the union defendants could attempt to assert an affirmative defense such as qualified immunity or "good faith," those defenses can provide immunity only from money damages, and they do not confer immunity when a plaintiff seeks equitable monetary relief such as backpay, restitution, or unjust enrichment, which Ms. LaSpina and her fellow class members are asserting here. *See Wood v. Strickland,* 420 U.S. 308, 315 n.6 (1975), *overruled in part on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ("[I]mmunity from damages does not ordinarily bar equitable relief as well.").

26.  Finally, even if this Court were to allow the union defendants to assert a "good faith" defense to Ms. LaSpina's section 1983 claims, the unions must *still* show that they complied with pre-*Janus* case law before they can escape liability under section 1983. *See Abood v. Detroit Board of Education*, 431 U.S. 209, 239–40 (1977). Under *Abood*, public-employee unions were permitted to

require non-members to pay only for union activities that were non-ideological, and they were forbidden to require an employee to "contribute to the support of an ideological cause he may oppose as a condition of holding a job." *Abood*, 431 U.S. at 235; *see also Otto v. Pa. State Educ. Ass'n–NEA*, 330 F.3d 125, 128 (3d Cir. 2003). So the union defendants must, at the very least, prove that they complied with *Abood* and pre-*Janus* court rulings before they can establish a "good faith" defense under section 1983.

27. The union defendants and their leadership expected the Supreme Court to overrule *Abood* in *Janus*, so the unions cannot assert that they acted in accordance with a subjective "good faith" belief that the Supreme Court would approve the legality of their actions. This factual contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

28. SEIU Pennsylvania and its affiliates have committed the torts of conversion and trespass to chattels by confiscating money belonging to Ms. LaSpina and her fellow class members against their will, and they are liable to refund this money in an action for tort, replevin, restitution, unjust enrichment, and any other state-law cause of action that offers relief for this unlawful confiscation of their wages. SEIU Pennsylvania and its affiliates cannot defend their tortious behavior by relying on 71 Pa. Stat. § 575, because the statute is unconstitutional and unconstitutional statutes cannot confer immunity on tortious conduct. *See Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("[A]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it

affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.").

29. Ms. LaSpina is suing on behalf of all public employees who were compelled to subsidize SEIU Pennsylvania or its affiliates against their will. The class includes: (1) employees who refused to join the union and paid "fair share fees"; (2) employees who joined the union because they were never informed of their constitutional right to decline union membership and pay a reduced amount in "fair share fees"; and (3) employees who knew of their constitutional right to decline union membership but reluctantly joined the union only because they would have been compelled to pay "fair share fees" had they quit, and who decided that the difference between full membership dues and "fair share fees" would not be worth the loss of their vote and voice in collective-bargaining matters.

30. Ms. LaSpina is seeking a refund for all class members in the amount they were forced to pay to affiliates of SEIU Pennsylvania in violation of the Constitution.

31. Defendants Lackawanna County Library System and Scranton Public Library are jointly and severally liable for money that was diverted from the paychecks of their employees in violation of their constitutional rights.

32. SEIU Pennsylvania is liable to return any money that was unconstitutionally seized from Ms. LaSpina or her fellow class members and transferred to SEIU Pennsylvania.

33. Ms. LaSpina and her fellow class members have Article III standing to bring these claims. They have suffered injury in fact because they were forced to pay money to the union defendants as a condition of her employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of the money that the union defendants unconstitutionally extracted from Ms. LaSpina and her fellow class members.

## COUNT 2: UNCONSTITUTIONAL GARNISHMENT OF WAGES

34. After Ms. LaSpina had informed the union and her employer that she had resigned her union membership, the payroll deductions of union dues continued to be taken from her paycheck.

35. The refusal to promptly honor Ms. LaSpina's resignation and the continued garnishment of Ms. LaSpina's wages violated the Speech Clause and the Supreme Court's ruling in *Janus*. *Janus* holds that public-employee unions are forbidden to collect money from a nonmember's wages unless the employee "clearly and affirmatively consent[s] before any money is taken." *Janus*, 138 S. Ct. at 2486. Ms. LaSpina ceased to be a member of SEIU Local 668 and its affiliates when she mailed her resignation letter on August 20, 2018. After Ms. LaSpina quit the union, the defendants were forbidden to divert her wages to the union unless they secured Ms. LaSpina's clear, affirmative, and freely given consent in advance.

36. SEIU Local 668 and/or Ms. LaSpina's employer was committing the torts of conversion and trespass to chattels by continuing to divert money from Ms. LaSpina's paycheck against her clear and explicit instructions.

37. Ms. LaSpina brings this particular claim as an individual, although she may amend her complaint and ask to represent a class if discovery reveals that affiliates of SEIU Pennsylvania have refused to honor resignation letters from other public employees.

## COUNT 3: FAILURE TO SECURE FREELY GIVEN CONSENT

38. There is an additional problem with the union's garnishment of Ms. LaSpina's wages: Ms. LaSpina has never provided a freely given and fully informed waiver of her constitutional right to withhold money from the union. A public employee's waiver of constitutional rights cannot be presumed, and any such waiver must be "freely given and shown by 'clear and compelling' evidence." *Janus*, 138 S. Ct. at 2486. A waiver of *Janus* rights must also be fully informed. *See id.* (citing *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938), which states that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a *known* right or privilege." (emphasis added)); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."). Neither SEIU Local 668 nor Ms. LaSpina's employer has ever informed her that she has a constitutional right to decline union membership, and the union and employer must inform public employees of their constitutional rights and obtain a freely given waiver of those rights before they can divert union fees from their paychecks.

39. The Court should enjoin SEIU Local 668 and all affiliates of SEIU Pennsylvania from taking money from Ms. LaSpina's paycheck or any other employee's paycheck until the employee signs a written waiver that: (a) post-dates the Supreme Court's ruling in *Janus* and (b) shows that the employee knowingly and freely waived his constitutional right to resign from union membership and withhold payments to the union.

40. The Court should enjoin the Lackawanna County Library System and Scranton Public Library from diverting union fees from Ms. LaSpina's paycheck or from any other employee's paycheck until the employee signs the written waiver described in paragraph 39.

41. Ms. LaSpina is suing on behalf of all employees in bargaining units represented by SEIU Pennsylvania or its affiliates who: (1) want to resign their union membership and terminate financial support of the union; or (2) would choose to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; or (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*. The class includes anyone who comes within the class definition at any time before the conclusion of this action.

42. Ms. LaSpina has Article III standing to bring these claims. She has suffered injury in fact because the union and/or her employer were diverting money from her paycheck without obtaining her freely given and fully informed consent. These injuries are caused by the unconstitutional behavior of

the defendants, and the injury will be redressed by an injunction that bars the collection of membership dues from any employee who has not knowingly and voluntarily waived his constitutional right to withhold payments from the union.

## CLASS ACTION ALLEGATIONS

43. Ms. LaSpina sues on behalf of two separate classes. The first class consists of all public employees who were compelled to subsidize SEIU Pennsylvania or its affiliates against their will as a condition of their employment. *See* paragraph 29. The second class consists of all employees in bargaining units represented by SEIU Pennsylvania or its affiliates who: (1) want to resign their union membership and terminate financial support of the union; or (2) would choose to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; or (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*. *See* paragraph 41.

44. Each of these classes is certifiable under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), (b)(2), and (b)(3).

45. The number of persons in each of these classes makes joinder of the individual class members impractical. SEIU Local 668 alone represents 20,000 workers; if only 1% of them oppose the forced payment of union fees, that would easily clear the numerosity threshold of Rule 23(a)(1). *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d

Cir. 2016) ("[N]umerosity is generally satisfied if there are more than 40 class members.").

46. There are numerous questions of law common to each class. In the first class, common questions of law include:

a. Whether Ms. LaSpina and her fellow class members can recover the forced payments they made to SEIU Pennsylvania or its affiliates before the Supreme Court's ruling in *Janus*;

b. Whether the union defendants can assert a "good faith" defense for their pre-*Janus* conduct;

c. Whether and to what extent any statute of limitations might limit the class members' recovery.

47. In the second class, common questions of law include:

a. Whether the union defendants violate the Constitution by collecting union dues from employees who have never given their fully informed and freely given consent to union membership;

b. Whether the union has any legal defense for collecting union dues from employees who have never given their fully informed and freely given consent to union membership.

48. Ms. LaSpina's claims are typical of the other class members. In the first class, Ms. LaSpina and her fellow class members were all forced to pay money to affiliates of SEIU Pennsylvania as a condition of employment, in violation of their constitutional rights under *Janus*. In the second class, Ms. LaSpina

and her fellow class members have been subjected to union-related payroll deductions to which they have not provided their fully informed and freely given consent.

49. Ms. LaSpina adequately represents the interests of her fellow class members, and she has no interests antagonistic to either of the classes. Ms. LaSpina seeks to maximize recovery for herself and her fellow class members—a goal shared by all members of the classes—and there are no conflicts between Ms. LaSpina and the other class members.

50. Each of the proposed classes qualifies for certification under Rule 23(b)(3), because the common issues of law predominate over the questions affecting individual members, and a class action is superior means of resolving the common legal questions because all class members are subjected to the same violation of their constitutional rights, and the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSES OF ACTION

51. Ms. LaSpina and her fellow class members are suing the defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

52. Ms. LaSpina and her fellow class members are also suing the defendants under the state-law torts of conversion, trespass to chattels, replevin, res-

titution, unjust unenrichment, and any other state-law cause of action that offers relief for this unlawful seizure of their personal property. Ms. LaSpina invokes the supplemental jurisdiction of this court over these pendent state-law claims. *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF

53. Ms. LaSpina respectfully requests that the court:

   a. certify a plaintiff class of all public employees who were compelled to subsidize SEIU Pennsylvania or its affiliates against their will because of the union's unconstitutional agency-shop arrangements;

   b. certify a separate plaintiff class of all employees in bargaining units represented by SEIU Pennsylvania or its affiliates who: (1) want to resign their union membership and terminate financial support of the union; or (2) would choose to leave the union and terminate financial support if they were fully informed of their constitutional right to do so; or (3) would decline to opt in to union membership by providing "clear and affirmative assent" if they were fully informed of their constitutional rights under *Janus*;

   c. declare that the defendants violated the constitutional rights of Ms. LaSpina and her fellow class members by forcing them to pay money to a public-employee union as a condition of their employment;

d.    declare that the defendants violated state tort law by garnishing and redirecting the wages of Ms. LaSpina and her fellow class members without obtaining their freely given and fully informed consent, and that any federal or state law or collective-bargaining agreement that purports to override these protections of state tort law is unconstitutional and without legal effect;

e.    declare 71 Pa. Stat. § 575(b)–(c) unconstitutional because they allow public-employee unions to extract compelled payments from nonmembers as a condition of their employment, and permanently enjoin the defendants from enforcing an agency shop or entering into any collective-bargaining that establishes an agency shop;

f.    order SEIU Pennsylvania and its affiliates to refund to every class member the money that they were compelled to pay to the union as a condition of their employment, along with pre-judgment and post-judgment interest;

g.    hold the Lackawanna County Library System and Scranton Public Library jointly and severally liable for the money that was diverted from the paychecks of Ms. LaSpina and her fellow library employees in violation of their constitutional rights;

h.    declare that SEIU Local 668 and/or the Lackawanna County Library System and Scranton Public Library violated Ms.

LaSpina's constitutional rights by taking union membership dues from her paycheck after she had resigned her membership and clearly instructed the union and her employer to halt the payroll deductions of union-related fees;

i.  declare that SEIU Local 668 and/or the Lackawanna County Library System and Scranton Public Library violated state tort law by garnishing and redirecting Ms. LaSpina's wages in defiance of her instructions and without first obtaining her fully informed and freely given consent;

j.  order the union defendants to refund all union-related fees that they took or re-directed from Ms. LaSpina and any other employee who had previously announced their resignation from the union, along with pre-judgment and post-judgment;

k.  order the defendants to immediately honor and enforce a public employee's decision to resign from the union and withdraw financial support, regardless of the time of year that the decision is made and regardless of any law or previous agreement that purports to limit the employee's ability to halt the payment of union-related fees;

l.  declare that the defendants are violating the Constitution by taking union-related fees from the paycheck of any public employee who has not executed a freely given and fully informed waiver of his constitutional rights under *Janus*;

m.   permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from deducting union membership dues or other union-related fees from the paychecks of public employees unless and until that employee provides written consent to those payroll deductions that post-dates the Supreme Court's ruling in *Janus* and that includes the following language: "I understand that I am not required to join the union or pay money to the union as a condition of my employment. I further understand that a have a constitutional right to withhold all monetary payments to the union simply by resigning my union membership, and I understand that the union owes me a duty of fair representation regardless of whether I remain a member of the union or give money to the union. Nevertheless, I am freely choosing to waive my constitutional rights under the Supreme Court's ruling in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), and I knowingly and freely consent to union membership and to the payroll deduction of union membership dues. I understand that I may revoke my consent to the payroll deductions of union membership dues at any time by notifying my employer's payroll department in person, in writing, or over e-mail."

n.    award costs and attorneys' fees under 42 U.S.C. § 1988;

o.    grant all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Edmond R. Shinn

JONATHAN F. MITCHELL*
PA Bar No. 91505
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

EDMOND R. SHINN
PA Bar No. 312306
Law Offices of Edmond R. Shinn
7032 Lafayette Avenue
Fort Washington, PA 19034
(610) 308-6544 (phone)
(888) 237-8686 (fax)
eshinn@erslawfirm.com

TALCOTT J. FRANKLIN*
SHANNON W. CONWAY*
Talcott Franklin P.C.
1920 McKinney Avenue, 7th Floor
Dallas, Texas 75201
(214) 642-9191
(214) 709-6180
tal@talcottfranklin.com
sconway@talcottfranklin.com

WALTER S. ZIMOLONG III**
PA Bar No. 89151
Zimolong, LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
wally@zimolonglaw.com

** *pro hac vice* application
forthcoming

* admitted *pro hac vice*

Dated: October 18, 2018

*Counsel for Plaintiff
and the Proposed Classes*

# CERTIFICATE OF SERVICE

I certify that on January 28, 2019, I served this document through CM/ECF upon:

Scott A. Kronland
P. Casey Pitts
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
skronland@altber.com
cpitts@altber.com

Martin W. Milz
Samuel L. Spear
Spear Wilderman, P.C.
230 South Broad Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 732-0101
mmilz@spearwilderman.com
sspear@spearwilderman.com

*Counsel for Defendants SEIU Local 32BJ,*
*SEIU Pennsylvania State Council and Pennsylvania Joint Board of Workers United*

Bruce M. Ludwig
Lauren M. Hoye
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, Pennsylvania 19103
(215) 656-3600
bludwig@wwdlaw.com
lhoye@wwdlaw.com

*Counsel for SEIU Healthcare PA*

Katchen Locke
Associate General Counsel
SEIU Local 32BJ
25 West 18th Street
New York, New York 10011
(212) 539-2941
klocke@seiu32bj.org

*Counsel for Defendant SEIU Local 32BJ*


 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff*
*and the Proposed Classes*