SCOTT A. KRONLAND (SBN CA171693) (*pro hac vice*)
P. CASEY PITTS (SBN CA262463) (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
cpitts@altber.com

*Attorneys for Defendant SEIU Local 668*

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF PENNSYLVANIA

## HARRISBURG DIVISION

| | |
|---|---|
| BETHANY LASPINA,<br><br>Plaintiff,<br><br>v.<br><br>SEIU PENNSYLVANIA STATE COUNCIL; SEIU LOCAL 668; SEIU HEALTHCARE PA; SEIU LOCAL 32BJ; PENNSYLVANIA JOINT BOARD OF WORKERS UNITED; LACKAWANNA COUNTY LIBRARY SYSTEM; SCRANTON PUBLIC LIBRARY,<br><br>Defendants. | CASE NO.: 3:18-CV-02018-MEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEIU LOCAL 668'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hon. Malachy E. Mannion<br><br>Complaint Filed: Oct. 18, 2018<br>Trial Date: Not set. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

INTRODUCTION ................................................................................. 1

FACTS ............................................................................................. 1

PROCEDURAL HISTORY...................................................................... 3

QUESTIONS PRESENTED...................................................................... 4

ARGUMENT ..................................................................................... 5

    I.    Count I must be dismissed because LaSpina lacks standing to pursue any claim premised upon the pre-*Janus* fair-share fee requirement and because LaSpina has not alleged that Local 668 can be held responsible for a Library employee's errors ............. 5

        A.    Plaintiff has not alleged that she was harmed by the pre-*Janus* fair-share fee requirement ......................................... 5

        B.    LaSpina has not alleged facts establishing that Local 668 could be held liable for the Library's alleged misrepresentations .................................................................. 8

    II.    LaSpina Has Received All Relief Potentially Available for Count 2 ............................................................................ 12

        A.    LaSpina has been refunded the money she claims under Count 2 and can obtain no further retrospective relief ............ 12

        B.    There is no basis for declaratory or injunctive relief............... 14

    III.    LaSpina lacks standing to obtain prospective relief against future membership dues deductions ............................................ 16

CONCLUSION .................................................................................. 18

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8 .......................... 20

# TABLE OF AUTHORITIES

## Federal Court Cases

*Abood v. Detroit Bd. of Educ.*,
  431 U.S. 209 (1977) ..............................................................................1

*Bain v. California Teachers Association*,
  891 F.3d 1206 (9th Cir. 2018)...........................................................17

*Blum v. Yaretsky*,
  457 U.S. 991 (1982) ..............................................................................6

*Brown v. Buhman*,
  822 F.3d 1151 (10th Cir. 2016), *cert. denied*, 137 S.Ct. 828 (2017) .................15

*City of Erie v. Pap's A.M.*,
  529 U.S. 277 (2000) ............................................................................12

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ........................................................................15, 16

*Cochetti v. Desmond*,
  572 F.2d 102 (3d Cir. 1978) ...............................................................12

*Common Cause of Pennsylvania v. Pennsylvania*,
  558 F.3d 249 (3d Cir. 2009) ...............................................................5, 6

*Danielson v. AFSCME Council 28*,
  340 F.Supp.3d 1083 (W.D. Wash. 2018) .........................................7, 8

*Friedman's, Inc. v. Dunlap*,
  290 F.3d 191 (4th Cir. 2002) ..............................................................12

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
  528 U.S. 167 (2000) ...................................................................6, 15, 16

*Gates v. City of Chicago*,
  623 F.3d 389 (7th Cir. 2010) ..............................................................13

*Gould Electronics Inc. v. U.S.*,
  220 F.3d 169 (3d Cir. 2000) .................................................................2

*Green v. Mansour*,
  474 U.S. 64 (1985) ..............................................................................14

*Grigsby v. Kane*,
  250 F.Supp.2d 453 (M.D. Pa. 2003) ....................................................8

*Hill v. Borough of Kutztown*,
455 F.3d 225 (3d Cir. 2006) ...............................................................10

*Interbusiness Bank, N.A. v. First Bank of Mifflintown*,
328 F.Supp.2d 522 (M.D. Pa. 2004) ...................................................12

*Janus v. AFSCME, Council 31*,
138 S. Ct. 2448 (June 27, 2018) ......................................................1, 7

*Jersey Cent. Power & Light Co. v. State of N.J.*,
772 F.2d 35 (3d Cir. 1985) ...................................................................14

*Kidwell v. Transp. Comm'ns Int'l Union*,
946 F.2d 283 (4th Cir. 1991) .................................................................7

*Leshko v. Servis*,
423 F.3d 337 (3d Cir. 2005) ............................................................9, 10

*Lewis v. Casey*,
518 U.S. 343 (1996) ...............................................................................6

*Lugar v. Edmondson Oil Co., Inc.*,
457 U.S. 922 (1982) ...............................................................................9

*McNair v. Synapse Group, Inc.*,
672 F.3d 213 (3d Cir. 2012) ............................................................16, 17

*Memphis Community Sch. Dist. v. Stachura*,
477 U.S. 299 (1986) .............................................................................13

*Moose Lodge No. 107 v. Irvis*,
407 U.S. 163 (1972) ...............................................................................6

*O'Shea v. Littleton*,
414 U.S. 488 (1974) .............................................................................15

*Plumbers' Union Local No. 12 Pension Fund v.*
*Nomura Asset Acceptance Corp.*,
632 F.3d 762 (1st Cir. 2011) ..................................................................7

*Powell v. Weiss*,
757 F.3d 338 (3d Cir. 2014) ...................................................................8

*S-1 v. Spangler*,
832 F.2d 294 (4th Cir. 1987) ...............................................................13

*Sze v. INS*,
153 F.3d 1005 (9th Cir. 1998) .............................................................15

*Vuyanich v. Republic Nat. Bank of Dallas*,
  723 F.2d 1195 (5th Cir. 1984) ................................................................6

*Weber v. Potter*,
  338 F.Supp.2d 600 (E.D. Pa. 2004) ........................................................9

*West v. Health Net of the Northeast*,
  217 F.R.D. 163 (D.N.J. 2003) ................................................................6

*Whitaker v. Herr Foods, Inc.*,
  198 F.Supp.3d 476 (E.D. Pa. 2016) ......................................................17

**State Court Cases**

*Ass'n of Pennsylvania State Coll. & Univ. Faculties v.
  Bd. of Governors of State Sys. of Higher Educ.*,
  744 A.2d 387 (Pa. Commw. Ct. 2000), *aff'd*, 563 Pa. 520 (2000) .....................10

*Bailey v. Ferndale Area Sch. Dist.*,
  70 Pa. Cmwlth. 628 (1982) ................................................................11

*Hollinger v. Dept. of Public Welfare*,
  469 Pa. 358 (1976) ...................................................................11, 14

*Hotel & Restaurant Employees Local No. 391 v. Sch. Dist. Allentown City*,
  702 A.2d 16 (Pa. Commw. Ct. 1997) ......................................................11

*McMunn v. Upperman*,
  2006 WL 48760936 (Pa. Ct. Comm. Pleas 2006) ...........................................13

**Federal Statutory Authorities**

42 U.S.C. §1983 ...............................................................*passim*

**State Statutory Authorities and Regulations**

43 Pa.Stat.Ann.
  §1101.401 ............................................................................1, 9, 10
  §1101.601 ...................................................................................1
  §1101.606 ...................................................................................1
  §1101.1201(a)(1) ...........................................................................10
  §1101.1201(b)(1) ...........................................................................10
  §1101.1301 .................................................................................10
  §1102.3 .....................................................................................1

**Federal Rules**

Federal Rules of Civil Procedure,
  Rule 12(b)(1) ......................................................................1, 6, 12, 16
  Rule 12(b)(6) ...............................................................................1, 8
iv

# INTRODUCTION

Plaintiff Bethany LaSpina is an employee of the Scranton Public Library represented in collective bargaining by SEIU Local 668 ("Local 668" or "Union"). LaSpina joined Local 668 in October 2015 and remained a union member until she resigned in August 2018. She subsequently filed this suit against Local 668 and other SEIU affiliates in Pennsylvania, as well as her employer, asserting claims under 42 U.S.C. §1983 and state tort law. Her claims should be dismissed pursuant to Rules 12(b)(1) or 12(b)(6).

# FACTS

Under Pennsylvania law, public employees may democratically choose a union to represent them in collective bargaining with the Commonwealth or its political subdivisions about terms and conditions of employment. 43 Pa.Stat.Ann. §§1101.601, 1101.606. Public employees represented by a union have the right to choose whether or not to join the union as members, and Pennsylvania law makes it unlawful for a union or a public employer to coerce an employee into union membership. *See* 43 Pa.Stat.Ann. §1101.401.

Employees who voluntarily choose to join a union pay membership dues. Before *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (June 27, 2018), public employers could require employees who chose *not* to become union members to pay a fee to cover their fair share of the costs of the union's representation in collective bargaining, which benefits union members and non-members alike. 43 Pa.Stat.Ann. §1102.3. *Janus* overturned the Supreme Court's prior precedent, *see Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), and held for the first time that requiring public employees to pay fair-share fees violates the First Amendment.

Upon issuance of *Janus,* Local 668 immediately stopped requesting or accepting fair-share fees. Declaration of Claudia Lukert ("Lukert Decl.") ¶¶16-17. Public employees represented by Local 668 may now either join the union and pay dues or decline union membership and pay nothing. *Id.* ¶17.

Plaintiff LaSpina works for the Library in a bargaining unit represented by Local 668. Second Amended Complaint, Doc. #66 ("SAC") ¶¶11-12.[1] LaSpina alleges that she became a union member in 2015 only because "she was instructed to fill out a union-membership form at her job orientation," *id.* ¶13; that the Library's human resources officer "incorrectly told [her] that ... 'union dues are mandatory by law,'" *id.* ¶15; and that she would have chosen to be a fair-share fee payer, not a union member, if she had known about that option, *id.* ¶¶15-16.

LaSpina was a dues-paying member of Local 668 until August 2018, when she mailed a letter to SEIU Local 668 resigning her membership and revoking her previous dues deduction authorization. *Id.* ¶17. On October 26, 2018, prior to learning of this lawsuit, Local 668 sent a letter to the Library informing the Library that LaSpina had withdrawn from the Union and instructing the Library to immediately halt dues deductions. Lukert Decl. ¶8 & Exh. B. At Local 668's direction, the Library refunded to LaSpina the membership dues deducted following her resignation, and LaSpina was issued a refund of $55.18 with her November paycheck. *Id.* ¶9. Local 668 subsequently informed LaSpina that her

---

[1] Defendants Scranton Public Library and Lackawanna County Library System are collectively referred to as "Library." Except with respect to facts going to the Court's jurisdiction, for the purposes of this motion Local 668 assumes the truth of the allegations in the SAC. The evidence submitted by Local 668 is properly considered by the Court to determine whether it has subject matter jurisdiction. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176-77 (3d Cir. 2000).

resignation had been processed and her status changed to non-member as of August 21, 2018, and that she would receive a refund of any dues deducted following her resignation, if she had not received one already. *Id.* ¶10 & Exh. C; *see also id.* ¶11 & Exh. D (providing additional refund of $11.81). The Library is no longer deducting dues from LaSpina. *Id.* ¶8.

## PROCEDURAL HISTORY

LaSpina filed this action on October 18, 2018 against Local 668 as well as several labor organizations that never represented her or any workers at the Library: SEIU Pennsylvania State Council, SEIU Healthcare PA, SEIU Local 32BJ, and the Pennsylvania Joint Board of Workers United. Doc. #1. Local 668 received a copy of the Complaint and a waiver of service request on November 19, 2018. Lukert Decl. ¶12. On January 28, 2019, LaSpina filed her SAC. Doc. #66. The SAC includes the new Library defendants as well as the original union defendants. SAC ¶¶4-10. The union defendants other than Local 668 have moved to dismiss all claims against them on the ground they never represented LaSpina. *See* Doc. ##46, 52, 53, 59, 67.

The SAC asserts three claims. Count 1 asserts that LaSpina and other public employees were employed in an "unconstitutional agency shop" prior to *Janus* because non-members were required to pay fair-share fees for union representation. SAC ¶20. Count 1 is a putative class claim seeking relief for:

(1) employees who refused to join the union and paid "fair share fees";

(2) employees who joined the union because they were never informed of their constitutional right to decline union membership and pay a reduced amount in "fair share fees"; and

(3) employees who knew of their constitutional right to decline union membership but reluctantly joined the union only because they would have been compelled to pay "fair share fees" had they quit, and who decided that the difference between full membership dues and "fair share fees" would not be worth the loss of their vote and voice in collective-bargaining matters.

*Id.* ¶29.

Count 2, which is brought solely on LaSpina's behalf, asserts that Local 668 and the Library violated 42 U.S.C. §1983 and state law by failing to halt dues deductions following LaSpina's resignation. *Id.* ¶¶34-37.

Count 3 alleges that the union defendants' receipt of membership dues is unconstitutional until they obtain new post-*Janus* dues deduction agreements from their members. On behalf of a putative class of current and future union members, LaSpina seeks injunctive relief prohibiting the union defendants from receiving any membership dues absent such agreements and requiring the union defendants to include specific language in those new agreements. *Id.* ¶53(m).

## QUESTIONS PRESENTED

1. Should Count 1 be dismissed on the grounds that LaSpina: (a) lacks standing to assert a claim on behalf of fair-share fee payers because she never paid fair-share fees; (b) lacks standing to asset a claim on behalf of union members who purportedly joined a union because of a fair-share fee requirement because that is not why she joined or remained a member of Local 668; and (c) has not stated a viable claim against Local 668 arising from Library employees' alleged misrepresentations?

2. Should Count 2 of the Complaint be dismissed because LaSpina has received all of the relief potentially available on that claim?

3.     Should Count 3 of the Complaint be dismissed because LaSpina, who

resigned her union membership and does not intend to become a union

member again, lacks standing to seek prospective relief on behalf of current

or future union members?

**ARGUMENT**

**I.     Count I must be dismissed because LaSpina lacks standing to pursue any claim premised upon the pre-*Janus* fair-share fee requirement and because LaSpina has not alleged that Local 668 can be held responsible for a Library employee's errors.**

Count 1 seeks relief against Local 668 based on 42 U.S.C. §1983 and the

state law torts of conversion and trespass to chattels.  SAC ¶28.  This Count

conflates three distinct claims.  First, LaSpina seeks a refund of fair-share fees paid

by non-members prior to *Janus* and injunctive relief prohibiting the future

collection of fair-share fees.  Second, LaSpina seeks a refund of money paid by

union members who purportedly chose to join Local 668 because of the pre-*Janus*

fair-share fee requirement.  Third, LaSpina seeks a refund of the dues that she and

other union members paid after they were allegedly led to believe union

membership was mandatory.  None of these theories states a viable claim.

**A. Plaintiff has not alleged that she was harmed by the pre-*Janus* fair-share fee requirement.**

This Court has Article III jurisdiction to hear a claim only if the plaintiff has

standing.  *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257-58

(3d Cir. 2009).  To establish Article III standing, a plaintiff must establish:

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely

speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Id*. at 258 (internal quotations omitted). A "plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 185 (2000).

Here, LaSpina has failed to allege she was injured by Local 668's receipt of fair-share fees. By her own allegations, LaSpina paid membership dues, not fair-share fees. Accordingly, LaSpina has no standing to pursue any claim to redress the alleged injury suffered by non-members who paid fair-share fees prior to *Janus*, even if she alleges that she was injured by Local 668 in some other way. *See, e.g.*, *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166-67 (1972) (plaintiff who suffered discrimination as club guest lacked standing to challenge club's membership policies); *West v. Health Net of the Northeast*, 217 F.R.D. 163, 173 (D.N.J. 2003) (plaintiffs lacked standing to challenge insurance provision pursuant to which they had never paid money). "[A] plaintiff who has been subject to injurious conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982); *see also Lewis v. Casey*, 518 U.S. 343, 358 & n.6 (1996). Because LaSpina was a dues-paying member of the union throughout the relevant time period, she has no standing to seek a refund of fees paid by non-union members, and her claim for relief on their behalf must be dismissed pursuant to Rule 12(b)(1).[2]

_____

[2] That LaSpina seeks to represent a class does not give her standing, because she must have suffered the same injury as the class she wishes to represent. *See, e.g.*, *Vuyanich v. Republic Nat. Bank of Dallas*, 723 F.2d 1195, 1200 (5th Cir. 1984)

Count I also seeks relief on behalf of *union members* who purportedly joined the Union because of the fair-share fee requirement. Such individuals allegedly "decided that the difference between full membership dues and 'fair share fees' would not be worth the loss of their vote and voice in collective-bargaining matters." SAC ¶29. But LaSpina does not allege that *she* was ever harmed in this way. To the contrary, LaSpina alleges that she was instructed to fill out a union-membership card at the beginning of her employment and that her employer later erroneously told her that "union dues are mandatory by law." SAC ¶¶13, 15 & Exh. 2. LaSpina claims that had she "been informed of her right to…pay 'fair share fees,'" she would not have joined or remained a member of the union. SAC ¶14. By her own account, then, LaSpina was never even aware fair-share fees existed.

Just as LaSpina cannot seek relief premised on the harm caused to non-members who paid fair-share fees, she lacks standing to pursue relief on behalf of employees who purportedly chose to be union members because of the fair-share fee requirement. Her claim on their behalf must be dismissed under Rule 12(b)(1).[3]

_____

(named plaintiffs who alleged injuries "only as a result of the [defendant]'s hiring and termination practices … lack[ed] standing to assert claims arising from the bank's other employment practices[.]"); *see also Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 771 (1st Cir. 2011) (plaintiffs lacked standing to bring claims related to certificates of trusts they had not purchased, even if they could bring claims against defendant related to other trusts).

[3] Claims for relief premised upon the pre-*Janus* fair share fee requirement would be meritless anyway because fair-share fees were collected in good faith reliance on Pennsylvania law and then-binding U.S. Supreme Court precedent. *See, e.g.*,

**B. LaSpina has not alleged facts establishing that Local 668 could be held liable for the Library's alleged misrepresentations.**

The sole form of *personal* harm LaSpina alleges in support of Count 1 is that she was erroneously told by her employer that union dues were mandatory and that her membership in Local 668 resulted from this error. But LaSpina has failed to allege facts suggesting that Local 668 can be held liable under federal or state law for her employer's alleged errors, so her third theory of relief must be dismissed under Rule 12(b)(6).

1. A plaintiff does not have a viable claim against a party who was not responsible for causing the alleged injury. *See, e.g.*, *Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014) (dismissing lawsuit against corrections defendants for miscalculation of parole where officials "had no involvement"). LaSpina does not allege that Local 668 told her union membership was mandatory; rather, she alleges that *Library* employees made these misrepresentations. *See* SAC ¶13 (LaSpina was "instructed to fill out a union-membership form at her job orientation"); *id.* ¶15 (describing email from employer stating that union dues were

_____

*Danielson v. AFSCME Council 28*, 340 F.Supp.3d 1083, 1087 (W.D. Wash. 2018). Moreover, employees who chose to become union members pre-*Janus* were making voluntary decisions based on the options available at the time, so their First Amendment rights were not violated. *See, e.g.*, *Janus*, 138 S.Ct. at 2464 ("*[C]ompelled* subsidization of private speech … impinges on First Amendment rights[.]") (emphasis added); *Kidwell v. Transp. Comm'ns Int'l Union*, 946 F.2d 283, 292-93 (4th Cir. 1991) ("Where the employee has a choice of union membership and the employee chooses to join, the union membership money is not coerced."). Because fair-share fees permanently ended upon issuance of the *Janus* decision and prior to the filing of LaSpina's original Complaint, LaSpina also lacks standing to seek prospective relief against fair-share fees. *Cf. Danielson*, 340 F.Supp.3d at 1084 (finding claims for declaratory and injunctive relief regarding fair-share fees moot where union stopped receiving fees after *Janus*).

mandatory).  LaSpina does not allege that Local 668 instructed her employer to make these statements, or that Local 668 was even aware these statements were made.  Because LaSpina has failed to allege that Local 668 played any role in her injury, she has not stated a claim against Local 668 arising from her allegedly "compelled" union membership.  *See Grigsby v. Kane*, 250 F.Supp.2d 453, 459 (M.D. Pa. 2003) (dismissing complaint for failure to allege that defendant played any role in injury-causing conduct).

2.  Even if LaSpina had alleged that a Local 668 employee erroneously told her that union membership was mandatory, such allegations would not establish that her decision to join the Union was the result of any action by Local 668 taken under color of state law, as would be necessary to state a §1983 claim against Local 668.

Local 668 is a private, non-governmental entity, and LaSpina "cannot assert a constitutional claim against [Local 668 under §1983] without first establishing that it was a 'state actor' acting under color of law."  *See Weber v. Potter*, 338 F.Supp.2d 600, 608 (E.D. Pa. 2004); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (private entity liable under §1983 only if it "may fairly be said to be a state actor").  The Third Circuit has identified two categories of conduct by private entities that can constitute state action: conduct involving "an *activity* that is significantly encouraged by the state or in which the state acts as a joint participant," and cases in which the "*actor*...is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management."  *Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005) (emphases in original).

Neither category applies here. The conduct at issue was not "activity …
encouraged by the state" because at all relevant times union membership was
optional under Pennsylvania law and it was *unlawful* for either the Library or Local
668 to coerce LaSpina into becoming a union member. *See* 43 Pa.Stat.Ann.
§1101.401. A plaintiff "does not state a cause of action under §1983" when the
conduct she alleges is "contrary to the relevant policy articulated by the state."
*Lugar*, 457 U.S. at 940.

Nor has LaSpina alleged that Local 668 "acted on behalf of the state" with
respect to her union membership. *See Weber*, 338 F.Supp.2d at 608. Local 668
has an *adversarial* collective bargaining relationship with the Library. Local 668's
internal membership management practices cannot be characterized as any kind of
*state* function. And because LaSpina alleges that the misrepresentations at issue
violated state law, she cannot assert that Local 668's conduct was "entwined with
government policies or management." *Leshko*, 423 F.3d at 340.[4]

3. LaSpina's state law theories of liability fare no better, because they are
preempted by the exclusive jurisdiction of the Pennsylvania Labor Relations Board
("PLRB").

Under Pennsylvania law, employees have the right to "refrain from"
"join[ing] … employee organizations," and any public employer or employee
organization that "interfer[es], restrain[s], or coerc[es] employees in the exercise
of" their right to refrain from joining a union commits an "unfair practice." 43

---

[4] LaSpina also fails to state any §1983 claim against *the Library*, because her
allegations do not establish that the misrepresentations at issue constituted "an
official policy or practice." *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d
Cir. 2006). As noted, Pennsylvania law makes it illegal for public employers to
compel employees to join unions.

Pa.Stat.Ann. §§1101.401, 1101.1201(a)(1), (b)(1). Allegations that an employer or a union interfered with a plaintiff's right to refrain from joining the union thus constitute unfair practice allegations under Pennsylvania law.

Such allegations, however, fall within the exclusive jurisdiction of PLRB. *Id*. §1101.1301. "[I]t is not necessary that a matter be pleaded as an unfair labor practice or a violation of PERA in order to establish original jurisdiction in the PLRB." *Ass'n of Pennsylvania State Coll. & Univ. Faculties v. Bd. of Governors of State Sys. of Higher Educ.*, 744 A.2d 387, 389 (Pa. Commw. Ct. 2000), *aff'd,* 563 Pa. 520 (2000). Instead, PLRB's jurisdiction extends to any state law claim "seek[ing] redress of *conduct* which arguably constitutes [an] unfair labor practice[]." *Hollinger v. Dept. of Public Welfare*, 469 Pa. 358, 366 (1976) (emphasis added). For example, an action to recoup wages withheld during a strike falls within PLRB's exclusive jurisdiction, even where the plaintiffs proceed under Pennsylvania's Wage Payment and Collection Act. *Bailey v. Ferndale Area Sch. Dist.*, 70 Pa. Cmwlth. 628, 629, 634-35 (1982). If a plaintiff seeks redress for conduct that arguably constitutes an unfair labor practice, she must pursue her claims before PLRB, and other state law theories of relief are preempted. *See Hollinger*, 469 Pa. at 369 (PLRB's exclusive jurisdiction barred plaintiffs' equitable claims).

Here, LaSpina seeks redress for conduct—misrepresenting union membership as mandatory in a manner that purportedly coerced LaSpina into joining Local 668 and paying union dues—that arguably constitutes an unfair labor practice under Pennsylvania law. Rather than pursuing her state common law theories, LaSpina must seek redress before PLRB in the first instance. *Id.*

(equitable claim for refund of union dues collected after plaintiff's resignation subject to PLRB's exclusive jurisdiction); *see also Hotel & Restaurant Employees Local No. 391 v. Sch. Dist. Allentown City*, 702 A.2d 16, 18 (Pa. Commw. Ct. 1997) (courts lack jurisdiction over complaints seeking "redress of conduct which even arguably constitutes an enumerated unfair labor practice").

## II.     LaSpina Has Received All Relief Potentially Available for Count 2.

Count 2, which LaSpina brings solely on her own behalf, alleges that membership dues were deducted from her paycheck after she "mailed a letter to SEIU Local 668 and to her employer's human resource department" resigning her membership in Local 668 and revoking her prior dues authorization.  SAC ¶¶17-18.  This Court lacks subject matter jurisdiction over Count 2 because LaSpina has already received all of the relief potentially available with respect to her claim.  Before receiving notice of this lawsuit, Local 668 had instructed the Library to cease deducting membership dues from LaSpina's wages, and the Library has already stopped deductions and refunded all dues deducted subsequent to LaSpina's resignation date.  Because "the issues presented" by Count 2 "are no longer 'live'" and LaSpina "lack[s] a legally cognizable interest in the outcome," Count 2 is moot and must be dismissed under Rule 12(b)(1).  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quotation omitted).

### A. LaSpina has been refunded the money she claims under Count 2 and can obtain no further retrospective relief.

Where a plaintiff has received all of the relief she could possibly obtain from a claim, that claim is moot and should be dismissed.  *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  A claim to enforce a priority security interest,

for example, was moot where the plaintiff had already received "full satisfaction of the debt." *See Interbusiness Bank, N.A. v. First Bank of Mifflintown*, 328 F.Supp.2d 522, 529-30 (M.D. Pa. 2004). The mootness of the claim did not turn upon whether the underlying foreclosure sale was wrongful but solely upon whether the security interest in the property had been satisfied. *Id.* Likewise, the Third Circuit concluded that an employee's suit for wrongful termination was moot where an arbitrator had already reinstated the employee and awarded backpay. *See Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978) ("The appellant has received as much relief as could have been awarded by the district court on the instant complaint."). Other federal appellate courts have similarly found claims for monetary relief moot where full compensation has been provided, even if the plaintiff continued to maintain the wrongfulness of the defendant's conduct. *See Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010) (where City "tendered the full amounts the plaintiffs requested in the restitution counts," this "ended any dispute over restitution").

Like the plaintiffs in these cases, LaSpina has received a full refund of the money she claims was wrongfully withheld, *see* Lukert Decl. ¶¶9-11, and there is no further retrospective relief available. LaSpina's retrospective damages under §1983 are limited to those necessary "to compensate injuries caused by the constitutional deprivation" she alleges. *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 309 (1986) (internal quotation, emphasis, and brackets omitted). Here, the constitutional injury LaSpina purportedly suffered was the continued deduction of union membership dues following her resignation. But those dues have already been returned to LaSpina. LaSpina therefore "ha[s] no

present need for remedial relief from the federal courts," and her claim for such relief is moot. *See S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987) (dismissing §1983 action as moot where plaintiffs had obtained tuition reimbursement that was "ultimate object of their action").

LaSpina has also received the full measure of damages she could hope to obtain under state law. The measure of damages for conversion is the "full value of the chattel." *See McMunn v. Upperman*, 2006 WL 48760936 at *116 (Pa. Ct. Comm. Pleas 2006). The remedy for trespass to chattels is return of the chattel. *Id.* Here, LaSpina already received a refund of the money she alleges was wrongfully deducted. LaSpina cannot obtain further monetary relief under Pennsylvania law.[5]

### B. There is no basis for declaratory or injunctive relief.

LaSpina's Count 2 also asks this Court to "declare that SEIU Local 668 and/or the [Library] violated Ms. LaSpina's constitutional rights" and state tort law "by taking union membership dues from her paycheck after she had resigned her membership." SAC ¶¶53(h), (i). LaSpina also asks this Court to "order the defendants to immediately honor and enforce a public employee's decision to resign from the union and withdraw financial support." SAC ¶53(k). This Court lacks jurisdiction to award such prospective relief because there is no live controversy regarding such matters.

---

[5] Even if LaSpina had live state law claims for relief on Count 2 (which she does not), such claims would be preempted by PLRB's exclusive jurisdiction. *See Hollinger*, 469 Pa. at 364 (PLRB had exclusive jurisdiction to hear claim for "injunctive relief against further dues deductions … and repayment of all moneys improperly deducted").

"A declaratory judgment is available only so long as there is an actual controversy among the parties." *Jersey Cent. Power & Light Co. v. State of N.J.*, 772 F.2d 35, 40 (3d Cir. 1985). There is no actual controversy here. Because Local 668 has accepted LaSpina's resignation, terminated dues deductions, and refunded the dues received from LaSpina following her resignation, LaSpina has nothing to gain from a declaration that the prior deductions were unlawful. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (declaration of past unlawfulness without prospect of meaningful future relief insufficient to support subject matter jurisdiction).

LaSpina's request that the Court order the Union and the Library to honor her decision to resign from the Union and terminate dues deductions is likewise moot, because Local 668 has processed LaSpina's resignation and instructed the Library to cease making deductions, and the Library has complied with that request. Lukert Decl. ¶8 & Exh. B; *see Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016), *cert. denied*, 137 S.Ct. 828 (2017) (courts lack jurisdiction to consider claims for prospective relief where plaintiff "no longer suffers actual injury that can be redressed by a favorable judicial decision") (quotations omitted). That LaSpina may have suffered an injury in the past "does not in itself show a present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 100 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

LaSpina may assert that her claim is not moot because Local 668 voluntarily changed its conduct in response to the filing of her lawsuit. But Local 668 instructed LaSpina's employer to terminate membership dues deductions *before*

ever learning of LaSpina's lawsuit.  *See* Lukert Decl. Exh. B (deduction termination letter sent October 26, 2018); *id.* ¶12 (Union learned of lawsuit November 19, 2018).  "For the [voluntary cessation] exception [to mootness] to apply…the [defendant's] voluntary cessation 'must have arisen *because of* the litigation.'"  *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998) (emphasis in original).  Local 668's actions were not taken "because of the litigation," and the "voluntary cessation" doctrine is inapplicable.

In any event, voluntary cessation *will* moot a claim if "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth,* 528 U.S. at 189 (internal quotation omitted).  Such is the case here, because Local 668 cannot make any further deductions unilaterally.  The collective bargaining agreement between Local 668 and the Library provides that the Library's "obligation to make deductions shall terminate automatically upon timely receipt of revocation." Lukert Decl. Exh. A.  Local 668 has notified the Library of LaSpina's revocation of her dues deduction authorization, and the Library will only renew deductions upon receiving a "written authorization voluntarily executed by [LaSpina]."  *Id.* ¶¶5, 8 & Exh. A.  It is therefore "absolutely clear," *Friends of the Earth,* 528 U.S. at 189, that LaSpina faces no risk of future unwanted dues deductions.

## III.  LaSpina lacks standing to obtain prospective relief against future membership dues deductions.

Count 3 asks this Court to declare Local 668's ongoing receipt of voluntary membership dues unconstitutional unless and until the Union has obtained a new post-*Janus* dues deduction authorization from each member, and to issue an

injunction prohibiting Local 668 from collecting any dues until each member has signed a new form with specific proposed language. SAC ¶¶53 (l), (m). LaSpina purports to bring this claim on behalf of current members who want to resign their union membership; current members who "would choose to leave the union … if they were fully informed of their constitutional right to do so"; and future members who "would decline to opt in to union membership … if they were fully informed of their constitutional rights." *Id.* ¶41.

LaSpina lacks standing to bring this claim, which must therefore be dismissed under Rule 12(b)(1). A plaintiff seeking forward-looking relief "must show that [s]he is 'likely to suffer future injury' from the defendant's conduct." *McNair v. Synapse Group, Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *Lyons*, 461 U.S. at 105). LaSpina is no longer a member of Local 668. She alleges that she "opposed and continues to oppose paying money to SEIU Local 668," SAC ¶13, not that she has a concrete plan to join Local 668 in the future. Therefore, she cannot seek prospective relief for union members. *Bain v. California Teachers Association*, 891 F.3d 1206, 1214 (9th Cir. 2018) (former union member's claim for injunctive and declaratory relief mooted by plaintiff's resignation of membership without intention to rejoin union).

That LaSpina was purportedly misinformed about her rights in the past is not enough to create a live controversy. The Third Circuit has specifically held that federal courts lack jurisdiction to grant injunctive relief to plaintiffs who may have been misled in the past but are now aware of their rights. *See McNair*, 672 F.3d at 223-25 (former magazine subscribers lacked standing to seek injunctive relief against allegedly unlawful renewal policy); *see also Whitaker v. Herr Foods, Inc.*,

198 F.Supp.3d 476, 496 (E.D. Pa. 2016) (plaintiff lacked standing to seek injunctive relief to prevent misrepresentations of which plaintiff was aware).

Because LaSpina is not suffering and will not suffer any injury from Local 668's alleged failure to procure post-*Janus* dues authorizations from existing members or provide additional information before obtaining such authorizations, she lacks standing to pursue Count 3.

## CONCLUSION

The Second Amended Complaint should be dismissed.

Date: February 11, 2019

Respectfully Submitted,

_____/s/P. Casey Pitts_____
P. Casey Pitts (CA262463)

SCOTT A. KRONLAND (*pro hac vice*)
P. CASEY PITTS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064
E-mail:      skronland@altber.com
             cpitts@altber.com

*Attorneys for Defendant SEIU Local 668*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

Pursuant to Local Rule 7.8(b)(2), I hereby certify that the foregoing brief, excluding the caption page, tables, and signature block, includes 4,996 words, as determined by the word count feature of the word processing program used to prepare the brief.

Date: February 11, 2019        By:        /s/P. Casey Pitts
                                           P. Casey Pitts (CA262463)

                                   P. CASEY PITTS (*pro hac vice*)
                                   ALTSHULER BERZON LLP
                                   177 Post Street, Suite 300
                                   San Francisco, CA  94108
                                   Telephone:  (415) 421-7151
                                   Facsimile:   (415) 362-8064
                                   E-mail:       cpitts@altber.com

                                   *Attorney for Defendant SEIU Local 668*