UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | |
|---|---|
| **Bethany LaSpina**, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**SEIU Pennsylvania State Council**, et al.,<br><br>　　　　　Defendants | Case No. 3:18-cv-02018-MEM<br><br>**Response in Opposition to Motions to Dismiss Filed by SEIU Pennsylvania State Council, SEIU Healthcare PA, SEIU Local 32BJ, and the Pennsylvania Joint Board of Workers United** |

If Ms. LaSpina had sued only as an individual, she would not have standing to sue SEIU Healthcare PA, SEIU Local 32BJ, or the Pennsylvania Joint Board of Workers United because she never belonged to or paid fees to these unions. But Ms. LaSpina is suing as a class representative; she seeks to represent *all* public employees who were compelled to subsidize the affiliates of the SEIU Pennsylvania State Council. *See* Second Amended Complaint (ECF No. 66) at ¶¶ 43–50, 53(a)–(b). And a class representative has standing to assert claims on behalf of absent class members that the representative lacks standing to bring as an individual. *See Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1088 (3d Cir. 1975) ("Even though Haas herself does not have standing to

challenge the service charge rate imposed on commercial transactions by Mellon Bank, summary judgment is inappropriate if Haas may represent a class of plaintiffs who do have standing."); *id.* at 1089 (remanding for the district court to determine whether the proposed class should be certified).

Whether Ms. LaSpina has standing to sue SEIU Healthcare PA, SEIU Local 32BJ, or the Pennsylvania Joint Board of Workers as a class representative turns on two questions. The first is whether the absent class members have standing to sue these unions—and they unquestionably do. The complaint alleges that each of these three unions "enforced unconstitutional agency shops before the Supreme Court's ruling in *Janus* and violated the constitutional rights of the plaintiff class members by tapping their paychecks against their will." Second Amended Complaint (ECF No. 66) at ¶ 19. The unions do not deny this, and even if they did the Court must assume the truth of the plaintiff's allegations when considering a motion to dismiss. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) ("We review here a decision granting a motion to dismiss, and therefore must accept as true all the factual allegations in the complaint.").[1]

---

1. The unions try to dismiss paragraph 19 as a "legal conclusion," but it is a factual allegation that specifically accuses SEIU Healthcare PA, SEIU Local 32BJ, and the Pennsylvania Joint Board of Workers United of enforcing "agency shops" before the Supreme Court's ruling in *Janus*. Ms. LaSpina is not required to provide detailed factual descriptions of these agency shops under a regime of notice pleading. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("A complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's

The second question is whether the proposed classes can be certified under Rule 23. But that question is premature at this stage of the litigation. The parties have not yet taken discovery on class certification, and they have jointly asked this court to postpone the class-certification deadline so that the motions to dismiss may be resolved first. *See* ECF No. 69. This Court has not yet ruled on whether Ms. LaSpina may represent the absent class members, and it cannot rule on the defendants' standing objections until the class-certification issues are resolved. *See Hass*, 526 F.2d at 1088–89.

It is possible that the defendants will eventually persuade this Court to deny certification, or to certify a class that is different from what Ms. LaSpina has proposed. And one of the issues to resolve at class certification will be whether Ms. LaSpina's claims are sufficiently "typical" of the claims of the absent class members that belonged to different unions. *See* Fed. R. Civ. P. 23(a)(3). But *Haas* recognizes that Rule 23's "typicality" requirement can be satisfied even when the representative plaintiff and the absent class members have claims against different individual defendants. *See Hass*, 526 F.2d at 1088–89; *see id.* at 1088 & n.3 (acknowledging that a representative plaintiff

---

claim is and the grounds upon which it rests." (citation and internal quotation marks omitted)). The federal judiciary (unlike the state judiciary in Pennsylvania) is a notice-pleading jurisdiction; it is not a fact-pleading jurisdiction. And if the union defendants think more factual details are needed to satisfy the "fair notice" requirement, then they should move for a more definite statement rather than dismissal. *See Swierkiewicz*, 534 U.S. at 514 ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

"who has no cause of action" against a named defendant may still sue when "all injuries are the result of a conspiracy or concerted schemes between the defendants" or when "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious" (quoting *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)). This is known as the "juridical links" doctrine, and it allows a class representative to sue on behalf of class members who have suffered similar harms at the hands of a different (but related) defendant. *See Hass*, 526 F.2d at 1088 & n.3; *see also Thompson v. Board of Education of Romeo Community Schools*, 709 F.2d 1200, 1205 (6th Cir. 1983) (describing the juridical-links doctrine as an "exception" to the normal rule that a class representative "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.").[2]

Yet whether Ms. LaSpina may represent her proposed class under *Haas* and the juridical-links doctrine is an issue to be resolved at the class-certification stage, not on Rule 12(b)(6). *Cf. Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) ("Class certification issues are . . . logically antecedent to Article III concerns" (citation and internal quotation marks omitted)). At this stage of the litigation, Ms. LaSpina needs only to *allege* that she has standing to sue

---

2. *See also Barker v. FSC Securities Corp.*, 133 F.R.D. 548, 553 (W.D. Ark. 1989); *Bromley v. Michigan Education Association-NEA*, 178 F.R.D. 148, 163 (E.D. Mich. 1998); *Marchwinski v. Oliver Tyrone Corp.*, 81 F.R.D. 487, 489 (W.D. Pa. 1979); *Monaco v. Stone*, 187 F.R.D. 50, 65–66 (E.D.N.Y. 1999).

the union defendants as a class representative,[3] and she needs only to *propose* a class that includes public employees who were allegedly injured by each of the union defendants. *See* Second Amended Complaint (ECF No. 66) at ¶ 19. None of this means that Ms. LaSpina will ultimately prevail on her efforts to represent the proposed class. But it is premature to dismiss the union defendants before deciding whether Ms. LaSpina may represent the class members who have claims against those unions.

Many of the unions' arguments in the motions to dismiss are correct but beside the point. The unions correctly note, for example, that Ms. LaSpina lacks standing to sue SEIU Healthcare PA, SEIU Local 32BJ, or the Pennsylvania Joint Board of Workers United in her *individual* capacity—and she has no claim or cause of action against those unions as an *individual*. *See* ECF No. 47 at 4–9; ECF No. 54 at 5–12; ECF No. 60 at 5–9. The unions are also correct that Ms. LaSpina cannot use the third-party standing doctrine to bring claims on behalf of public employees who were represented by other unions. *See* ECF No. 47 at 10–15; ECF No. 54 at 13–18; ECF No. 55 at 9–12; ECF No. 60 at 9–14. But none of that supports dismissal because Ms. LaSpina has sued as a class representative, and *Haas* and the juridical-links doctrine allow Ms. LaSpina to seek certification of a class that includes members who have claims against different but related defendants. *See Hass*, 526 F.2d at 1088 & n.3; *see*

---

3. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.").

*also* cases cited in note 2, *supra*. Whether Ms. LaSpina may represent these absent class members under *Haas* is a question to be resolved at class certification. Nothing in the motions to dismiss addresses *Haas* or the juridical-links doctrine, and nothing explains how a court can abrogate the certification process by dismissing defendants without ruling on the Rule 23 issues.

The unions are mistaken to suggest that Pennsylvania standing rules apply to state-law claims brought in federal court.[4] *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013) ("[S]tanding in federal court is a question of federal law, not state law."). And if Rule 23 allows Ms. LaSpina to represent the absent class members and assert their claims against the union defendants, then any state-law restrictions on Ms. LaSpina's "standing" must give way. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010).

Finally, Ms. LaSpina has individual standing to seek injunctive relief against the SEIU Pennsylvania State Council ("the Council"). She has alleged that the Council "coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania." Second Amended Complaint (ECF No. 66) at ¶ 4. This statement comes directly from the Council's website, and the Court must assume the truth of that statement at this stage of the litigation. *See Leatherman*, 507 U.S. at 164; *see also* http://seiupa.org/about/ ("SEIU Pennsylvania State Council works to coordinate and unify the collective political,

---

4. *See* ECF No. 47 at 15; ECF No. 54 at 19–20; ECF No. 55 at 20; ECF No. 60 at 15.

administrative and communications structure of all SEIU locals and districts throughout Pennsylvania."). Because the Council coordinates and supervises the behavior of its locals, including Local 668, Ms. LaSpina may seek injunctive relief against the Council to ensure that Local 668 stops tapping her paycheck and honors her instructions to halt the payroll deduction of membership dues. Ms. LaSpina has suffered injury from the Council's failure to ensure that its locals promptly accept and implement the resignations of unwilling union members. And that injury will be redressed by an injunction directing the Council to instruct its locals to immediately honor an employee's resignation from membership and to promptly halt payroll deductions upon resignation.

Ms. LaSpina also has individual standing to sue the Council for a refund of money that was unconstitutionally taken from Ms. LaSpina and transferred to the Council. *See* Second Amended Complaint (ECF No. 66) at ¶ 32 ("SEIU Pennsylvania is liable to return any money that was unconstitutionally seized from Ms. LaSpina or her fellow class members and transferred to SEIU Pennsylvania."). The Council does not deny that Local 668 transferred a portion of its membership dues to the Council—and if the Council wanted to deny this it would be something to raise on summary judgment after evidence has been produced. Ms. LaSpina does not need to prove her case in the complaint, and she does not need to recite detailed factual allegations of the defendants' behavior. She needs only to put the Council on notice of what this case is

about. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("A complaint . . . must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (citation and internal quotation marks omitted)). If the Council has evidence showing that it is powerless to influence the behavior of Local 668, or that it received no money from Local 668 while it was operating agency shops in violation of the Constitution, then it can produce that evidence and move for summary judgment. *See id.* at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). It has no grounds for seeking dismissal of Ms. LaSpina's claims at this stage of the litigation.

Finally, if the Council believes that more detailed factual allegations are needed to enable it to prepare its defense, then the proper remedy is to move for a more definite statement rather than dismissal. *See Swierkiewicz*, 534 U.S. at 514 ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). But there should not be any need for a more definite statement. The Council knows what this case is about, and whether Ms. LaSpina can secure relief from the Council will turn on whether the Council can control or influence the actions of Local 668 and whether the Council received portions of membership dues that were unconstitutionally collected from Ms. LaSpina and her fellow class members. These are factual questions that cannot be resolved on a motion to dismiss.

## CONCLUSION

The motions to dismiss filed by the SEIU Pennsylvania State Council, SEIU Healthcare PA, SEIU Local 32BJ, and the Pennsylvania Joint Board of Workers United should be denied.

Respectfully submitted.

 /s/ Jonathan F. Mitchell

| | |
|---|---|
| Talcott J. Franklin* | Jonathan F. Mitchell* |
| Shannon W. Conway* | PA Bar No. 91505 |
| Talcott Franklin P.C. | Mitchell Law PLLC |
| 1920 McKinney Avenue, 7th Floor | 106 East Sixth Street, Suite 900 |
| Dallas, Texas 75201 | Austin, Texas 78701 |
| (214) 642-9191 | (512) 686-3940 (phone) |
| (214) 709-6180 | (512) 686-3941 (fax) |
| tal@talcottfranklin.com | jonathan@mitchell.law |
| sconway@talcottfranklin.com | |
| | |
| Edmond R. Shinn | Walter S. Zimolong III* |
| PA Bar No. 312306 | PA Bar No. 89151 |
| Law Offices of Edmond R. Shinn | Zimolong, LLC |
| 7032 Lafayette Avenue | P.O. Box 552 |
| Fort Washington, PA 19034 | Villanova, PA 19085 |
| (610) 308-6544 (phone) | (215) 665-0842 |
| (888) 237-8686 (fax) | wally@zimolonglaw.com |
| eshinn@erslawfirm.com | |

\* admitted *pro hac vice*

Dated: October 18, 2018

*Counsel for Plaintiff
and the Proposed Classes*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2019, I served this document through CM/ECF upon:

Scott A. Kronland
P. Casey Pitts
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
skronland@altber.com
cpitts@altber.com

Martin W. Milz
Samuel L. Spear
Spear Wilderman, P.C.
230 South Broad Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 732-0101
mmilz@spearwilderman.com
sspear@spearwilderman.com

*Counsel for Defendants SEIU Pennsylvania State Council and Pennsylvania Joint Board of Workers United*

Bruce M. Ludwig
Lauren M. Hoye
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, Pennsylvania 19103
(215) 656-3600
bludwig@wwdlaw.com
lhoye@wwdlaw.com

*Counsel for SEIU Healthcare PA*

Katchen Locke
Associate General Counsel
SEIU Local 32BJ
25 West 18th Street
New York, New York 10011
(212) 539-2941
klocke@seiu32bj.org

*Counsel for Defendant SEIU Local 32BJ*

   /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff
and the Proposed Classes*