SCOTT A. KRONLAND (SBN CA171693) (*pro hac vice*)
P. CASEY PITTS (SBN CA262463) (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
        cpitts@altber.com

*Attorneys for Defendant SEIU Local 668*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF PENNSYLVANIA

### HARRISBURG DIVISION

| | |
|---|---|
| BETHANY LASPINA,<br><br>      Plaintiff,<br><br>  v.<br><br>SEIU PENNSYLVANIA STATE COUNCIL; SEIU LOCAL 668; SEIU HEALTHCARE PA; SEIU LOCAL 32BJ; PENNSYLVANIA JOINT BOARD OF WORKERS UNITED; LACKAWANNA COUNTY LIBRARY SYSTEM; SCRANTON PUBLIC LIBRARY,<br><br>      Defendants. | CASE NO.: 3:18-CV-02018-MEM<br><br>**REPLY IN SUPPORT OF DEFENDANT SEIU LOCAL 668'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hon. Malachy E. Mannion<br><br>Complaint Filed: October 18, 2018<br>Trial Date: Not set. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ...................................................................................1

  I. LaSpina Does Not Have Standing To Seek a Refund of Payments to
     SEIU Local 668 that Were Allegedly "Compelled" by the Pre-*Janus*
     Fair-Share Fee Requirement ............................................................2

 II. LaSpina's Claims Regarding Post-Resignation Dues Are Moot ....................5

    A. LaSpina's Claim for Retrospective Monetary Relief Is Moot
       Because She Has Received a Full Refund...................................5

    B. LaSpina's Claim for Prospective Relief Is Moot Because
       Deductions Ceased and Cannot Restart.....................................8

 III. LaSpina Lacks Standing To Seek an Order Requiring Local 668 to
     Obtain Additional Written Consent from its Members .................................11

CONCLUSION.....................................................................................14

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.8......................16

CERTIFICATE OF SERVICE ................................................................17

# TABLE OF AUTHORITIES

**Federal Court Cases**

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997)................................................................12

*Brown v. Buhman*,
822 F.3d 1151 (10th Cir. 2016)...........................................8

*Campbell-Ewald Co. v. Gomez*,
136 S. Ct. 663 (2016).......................................................5, 6

*City of Erie v. Pap's A.M.*,
529 U.S. 277 (2000).............................................................7

*Cochetti v. Desmond*,
572 F.2d 102 (3d Cir. 1978) ...............................................7

*Common Cause of Pennsylvania*,
558 F.3d 249 (3d Cir. 2009) .............................................14

*Finkelman v. National Football League*,
810 F.3d 187 (3d Cir. 2016) ...............................................4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
528 U.S. 167 (2000)......................................... 9, 10, 11, 13

*Gordon v. East Goshen Tp.*,
592 F.Supp.2d 828 (E.D. Pa. 2009).................................10

*Harrell v. The Florida Bar*,
608 F.3d 1241 (11th Cir. 2010) ..........................................9

*Ivy Club v. Edwards*,
943 F.2d 270 (3d Cir. 1991) ...............................................8

*Kalian at Poconos, LLC v. Saw Creek Estates Community Ass'n, Inc.*,
275 F.Supp.2d 578 (M.D. Pa. 2003)................................10

*Lewis v. Continental Bank Corp.*,
  494 U.S. 472 (1990)........................................................................................8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)........................................................................................3

*Macedo v. Zeyer*,
  No. 4:11-cv-00175, 2012 WL 3112395 (N.D. Ohio Jul. 31, 2012) ....................9

*Marcavage v. Nat'l Park Service*,
  666 F.3d 856 (3d Cir. 2012) ............................................................................10

*McNair v. Synapse Group Inc.*,
  672 F.3d 213 (3d Cir. 2012) ...................................................................... 12, 14

*Moose Lodge No. 107 v. Irvis*,
  407 U.S. 163 (1972)........................................................................................4

*Public Utilities Com'n of State of Cal. v. F.E.R.C.*,
  100 F.3d 1451 (9th Cir. 1996) ........................................................................9

*Rendell v. Rumsfeld*,
  484 F.3d 236 (3d Cir. 2007) ........................................................................8, 13

*Robinson v. Dalton*,
  107 F.3d 1018 (3d Cir. 1997) ..........................................................................10

*S-1 v. Spangler*,
  832 F.2d 294 (4th Cir. 1987) ...........................................................................5

*Sands v. NLRB*,
  825 F.3d 778 (D.C. Cir. 2016)..........................................................................7

*Sarver v. Capital Recovery Associates, Inc.*,
  951 F.Supp. 550 (E.D. Pa. 1996).......................................................................7

**Federal Statutory Authorities**

42 U.S.C. §1983 ..............................................................................................5

**Federal Rules**

Federal Rules of Civil Procedure,

   Rule 12(b)(1) ........................................................................................10
   Rule 12(b)(6) ..........................................................................................1
   Rule 68 ...............................................................................................6, 7

## INTRODUCTION

Plaintiff Bethany LaSpina, a former member of SEIU Local 668, has brought three claims against the union seeking relief on her own behalf and on behalf of two putative classes. This Court lacks jurisdiction to consider any of LaSpina's claims.

As Local 668 has already explained, LaSpina cannot pursue the claims in Count 1, which are premised on the harm purportedly caused by the pre-*Janus* requirement that non-members pay fair-share fees to Local 668, because LaSpina was a member of Local 668 until *Janus*, never paid fair-share fees, and claims that she was never even aware that such a requirement existed. Memorandum of Points and Authorities in support of Defendant Local 668's Motion to Dismiss Plaintiff's Second Amended Complaint ("Memo.") at 5-12. Nor can LaSpina pursue the claims in Count 2 for prospective or retrospective relief regarding membership dues deducted from her wages following her post-*Janus* resignation from the Union; Local 668 has already instructed LaSpina's employer to terminate such deductions and refunded all post-resignation dues she paid. Memo. at 12-16. Finally, LaSpina cannot pursue prospective relief on behalf of current and future members of Local 668, as she seeks to do in Count 3, because LaSpina resigned from the Union in August 2018 and has no intention of rejoining the Union. *Id*. at 16-18.[1]

---

[1] Defendant Local 668 also moved under Rule 12(b)(6) to dismiss any claim under Count 1 premised upon certain alleged misrepresentations by LaSpina's employer regarding whether union membership was mandatory. Memo. at 8-12.

In response, LaSpina asserts that she can pursue claims premised on the pre-*Janus* fair-share fee requirement because she would have been required to pay fair-share fees had she been aware of the option to decline union membership and had she chosen to exercise that option; that she has standing to pursue claims for retrospective and prospective relief relating to her post-resignation dues payments because she has not "accepted" the refund provided to her by Local 668 and because and seeks to recover attorney's fees; and that she has standing to pursue claims on behalf of current and future union members because she was still a member when she filed this lawsuit. Each of these arguments is meritless. There is no live controversy between LaSpina and Local 668 with respect to any of the claims she asserts in this lawsuit, and the Court should therefore dismiss LaSpina's Second Amended Complaint ("SAC") in its entirety.

## I. LaSpina Does Not Have Standing To Seek a Refund of Payments to SEIU Local 668 that Were Allegedly "Compelled" by the Pre-Janus Fair-Share Fee Requirement.

Count 1 of LaSpina's Second Amended Complaint seeks a "refund" of "the money that [LaSpina and putative class members] were compelled to pay to the union" as a result of the pre-*Janus* requirement that non-members pay a fair-share fee to Local 668. SAC ¶¶33, 53(f); *see also* Response at 4. But LaSpina was a union member, not a fee payer, and she has not alleged she ever paid fair-share fees or was even aware of that option. *Cf.* SAC ¶¶13, 15 & Exh. 2 (LaSpina signed

---

LaSpina's Response clarifies that she is not seeking any relief against Local 668 on that basis.

membership card at the start of her employment and was unaware that she could pay fair-share fees instead of membership dues). As to her membership dues, LaSpina has not alleged that she paid those dues because of the fair-share fee requirement; instead she alleges she was wrongly told by her employer that membership was mandatory. SAC ¶¶13-16.

Because LaSpina herself was not compelled to and did not pay any fair share fees to Local 668, she lacks standing to pursue the claims in Count 1, which are premised upon harms purportedly caused by the fair-share-fee requirement. Standing requires "a causal connection between the injury and the conduct complained of"; the injury cannot be "the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation and brackets omitted). Here, LaSpina has alleged no "causal connection" between the fair-share fee requirement imposed on *non-*members represented by Local 668 and the membership dues that were deducted from her paycheck, which were allegedly a result of her employer's misrepresentations. Whether or not LaSpina was "injured" by her payment of those dues, that injury was not caused by the pre-*Janus* fair-share fee requirement, and she cannot seek retrospective relief on the basis of that requirement.

LaSpina offers two contrary arguments but neither has merit.

First, LaSpina argues that Local 668 should be required to refund a portion of her membership dues because *if she had not joined* Local 668, LaSpina would have been forced to pay fair-share fees. Response at 4-5. But this Court does not

have jurisdiction to redress an injury that did not occur. The fact that LaSpina could have been required to pay fair share fees if she had not joined the union does not establish standing to challenge the fair share fee requirement or to seek a refund of money LaSpina never actually paid. Standing cannot rest on a hypothetical counterfactual. *See, e.g.*, *Finkelman v. National Football League*, 810 F.3d 187, 195 (3d Cir. 2016) (plaintiff who chose not to purchase Super Bowl tickets did not have standing to seek monetary relief premised on NFL's practice of withholding tickets).

Second, LaSpina argues that because she was allegedly "compelled" to pay money to Local 668 in one sense (i.e., according to LaSpina, because she was not told she could decline membership), she has standing to challenge any "compulsory" payment to the Union, regardless of the cause of the compulsion. That is not the law. "The causation element of standing requires a plaintiff to allege facts sufficient to show that his or her injury is 'fairly traceable' to the alleged wrongdoing of the defendant." *Finkelman*, 810 F.3d at 198. "[A]t a minimum," the allegedly unlawful conduct must be a "but for" cause of the plaintiff's injury. *Id*.

By LaSpina's own admission, the wrongful conduct alleged in Count 1— Local 668's receipt of fair-share fees—did not cause her to pay membership dues. That LaSpina describes her payments as "compelled" by one allegedly unlawful practice does not make her injury fairly traceable to a different practice that never affected LaSpina at all, any more than the guests in *Moose Lodge No. 107 v. Irvis*,

407 U.S. 163, 166-67 (1972), had standing to challenge the Lodge's membership policies simply because both that policy and the Lodge's treatment of non-member guests were racially discriminatory. Because this Court does not have jurisdiction to address the constitutionality of a policy that was never applied to LaSpina, Count 1 must be dismissed for lack of jurisdiction.

## II.    LaSpina's Claims Regarding Post-Resignation Dues Are Moot.

Count 2 of the SAC seeks individual retrospective monetary relief in the amount of the dues deducted from LaSpina's paycheck after she tendered her resignation from Local 668, as well as prospective relief enjoining Local 668 from further deductions. But Local 668 long ago instructed LaSpina's employer to cease deducting dues from LaSpina's paycheck (and indeed did so before Local 668 ever learned of LaSpina's suit); the employer did in fact terminate deductions; and Local 668 has refunded all dues it received from LaSpina following her resignation. Lukert Decl. ¶¶8-11. Because this Court cannot provide any further relief for the constitutional injury LaSpina claims she suffered, Count 2 must be dismissed for lack of jurisdiction. *See, e.g. S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987) (§1983 action was moot once plaintiffs had obtained monetary relief that was the "ultimate object of their action").

### A.    LaSpina's Claim for Retrospective Monetary Relief Is Moot Because She Has Received a Full Refund.

In arguing that Local 668's issuance of a refund of her post-resignation fees does not moot her claim for retrospective monetary relief, LaSpina relies primarily on *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). The facts here are

5

fundamentally different from the facts in *Campbell-Ewald*.

*Campbell-Ewald* was a putative class action suit in which the defendant made a Rule 68 settlement offer in the total amount of the named plaintiff's statutory damages before the plaintiff had moved for class certification. *Id.* at 667-68. The named plaintiff allowed the offer to expire without accepting it. *Id*. The defendant then moved to dismiss under Rule 12(b)(1), arguing that the unaccepted Rule 68 offer had mooted the entire case. *Id.* at 668.

The Supreme Court held that the unaccepted Rule 68 offer did not moot the plaintiff's claims. The Court explained that under the plain language of Rule 68 the unaccepted offer for settlement and judgment was "considered withdrawn" following its expiration and thus "had no continuing efficacy." *Id*. at 670 (internal citation omitted). Also, when the defendant subsequently moved to dismiss the plaintiff's lawsuit, the plaintiff had "gained no entitlement to the relief [the defendant] had previously offered" and "remained emptyhanded." *Id*. at 670, 672. Because the unaccepted offer was effectively withdrawn and plaintiff had not gained the relief he sought, a live controversy still existed, and the federal courts retained jurisdiction.

No such controversy remains with respect to LaSpina's post-resignation dues. *Campbell-Ewald*'s holding was expressly limited to cases involving unaccepted settlement offers. *Id*. at 672. Local 668 has not acted under Rule 68 or made a mere *offer* of settlement but has instead actually paid to LaSpina the entire amount she claims was wrongfully deducted from her paycheck. *See* Lukert Decl.

¶9. Unlike a Rule 68 offer of settlement, this refund did not require LaSpina's acceptance or ask LaSpina to make any reciprocal commitments. Nor has it in any sense been "withdrawn" or left LaSpina "emptyhanded." On the contrary, she has already received the refund she seeks, in the form of a direct deposit of nearly all of the dues at issue and a check for the small amount of additional dues (under $12) deducted at the end of August. That check is in her possession and is the equivalent of money. *See, e.g., Sarver v. Capital Recovery Associates, Inc.*, 951 F.Supp. 550, 553 (E.D. Pa. 1996) ("[A] check is a negotiable instrument under Pennsylvania law, akin to a cash payment[.]").

*Campbell-Ewald* is thus inapposite, and nothing in *Campbell-Ewald* calls into question the principle that plaintiffs cannot use the federal courts to obtain relief they have already received. *See, e.g., Sands v. NLRB*, 825 F.3d 778, 782 (D.C. Cir. 2016) (holding, after *Campbell-Ewald*, that a former member "[w]ith a refund of her dues in hand…can no longer claim her payment of dues as the basis for her interest in this matter"); *Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978). Nor can LaSpina seek an advisory opinion regarding whether the refunded dues were wrongfully deducted in the first instance. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

LaSpina separately contends that a live controversy remains with respect to Count 2 because her "demand for attorneys' fees" has not been paid. But it is blackletter federal law that "an interest in attorneys' fees does not save a matter from mootness." *Ivy Club v. Edwards*, 943 F.2d 270, 276 (3d Cir. 1991) (citing

7

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)).  A plaintiff's desire "to obtain reimbursement of sunk costs" such as attorneys' fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis*, 494 U.S. at 480.  LaSpina cannot keep her otherwise moot claim alive simply by seeking to recover attorneys' fees for that claim.

**B.  LaSpina's Claim for Prospective Relief Is Moot Because Deductions Ceased and Cannot Restart.**

In addition to a refund of her post-resignation dues, LaSpina seeks injunctive and declaratory relief preventing any further dues deductions.  But LaSpina acknowledges that her dues deductions stopped months ago.  Response at 14. Because LaSpina "no longer suffers actual injury that can be redressed" by injunctive or declaratory relief, her claim for such relief is moot.  *See Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (quotation omitted).

LaSpina contends her claims for prospective relief are not moot because Local 668's conduct falls within the "voluntary cessation" exception to mootness. That exception is inapplicable here, however, because her dues deductions did not stop in response to this litigation.

The voluntary cessation exception to mootness applies where a defendant ends the conduct a plaintiff challenges in a strategic effort to avoid the plaintiff's pending lawsuit and to evade the courts' jurisdiction.  *See Rendell v. Rumsfeld*, 484 F.3d 236, 243 (3d Cir. 2007) ("The purpose of this exception is to prevent defendants from 'forever avoiding judicial review simply by ceasing the challenged practice, only to resume it after the case is dismissed.'") (internal

8

citation and alterations omitted). For the voluntary cessation doctrine to apply, "the defendant's voluntary cessation must have arisen *because of* the litigation." *Public Utilities Com'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996).

The undisputed evidence here shows that Local 668 did not cease its challenged conduct in response to LaSpina's lawsuit. To the contrary, the evidence shows that Local 668 instructed LaSpina's employer to permanently halt all dues deductions before Local 668 ever learned of this suit. *See* Lukert Decl. ¶¶8-9, 12.[2] Where a defendant was unaware of a lawsuit when it chose to end its conduct, it cannot possibly be suggested that the defendant changed its conduct for the purpose of evading that lawsuit, and the voluntary cessation doctrine therefore has no application. *See Macedo v. Zeyer*, 4:11-cv-00175, 2012 WL 3112395 at *3 (N.D. Ohio Jul. 31, 2012) (voluntary cessation exception did not apply to suit challenging Kosher food policies at prison where defendants entered into contract requiring them to provide adequate Kosher food before defendants had been served with lawsuit); *see also Harrell v. The Florida Bar*, 608 F.3d 1241, 1266 (11th Cir. 2010) ("[A] defendant's cessation before receiving notice of a legal challenge weighs in favor of mootness[.]").[3]

---

[2] The timing of Local 668's decision to provide a *retrospective* refund of LaSpina's dues is irrelevant in determining whether LaSpina's claim for *prospective* relief is moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185 (2000) (emphasizing that the "plaintiff must demonstrate standing separately for each form of relief sought").

[3] LaSpina contends that the time when Local 668 learned about her lawsuit "is a factual question that cannot be resolved on a motion to dismiss." Response at 14-

Further, even "voluntary cessation" will moot a case if the challenged conduct cannot reasonably be expected to recur. *Friends of the Earth*, 528 U.S. at 189. There is no reason to believe the termination of LaSpina's dues deductions is "temporary" or that dues deductions will recommence in the future. Local 668 has not asserted that it has any right or ability to deduct fees from LaSpina in the future and has not taken any action to suggest it will attempt to make further deductions in the future. To the contrary, Local 668 cannot make any further deductions without independent action by both LaSpina and her employer. LaSpina's employer, not Local 668, makes dues deductions, and the employer will not make such deductions without a written authorization from LaSpina herself. Lukert Decl. ¶¶5, 8 & Exh. A. There is no reason to believe that the employer will violate its contractual obligations by restarting deductions without the required written authorization, or that LaSpina will provide such an authorization. *See Marcavage v. Nat'l Park Service*, 666 F.3d 856, 861 (3d Cir. 2012) (government officials are presumed to act in good faith for purposes of mootness analysis).

---

15. But Local 668 has moved to dismiss Count 2 for lack of jurisdiction, and factual findings are appropriate when a district court considers such a Rule 12(b)(1) motion. *See, e.g.*, *Gordon v. East Goshen Tp.*, 592 F.Supp.2d 828, 837 (E.D. Pa. 2009). When "there is a factual question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings" and "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (internal quotation omitted). "[U]nder a 12(b)(1) motion to dismiss, no presumptive truthfulness attaches to plaintiff's allegations," *id.* (internal quotation omitted), and "the *plaintiff* bears the burden of persuasion," *Kalian at Poconos, LLC v. Saw Creek Estates Community Ass'n, Inc.*, 275 F.Supp.2d 578, 584 (M.D. Pa. 2003) (emphasis added).

It is thus "absolutely clear" that LaSpina will not be compelled to pay membership dues via paycheck deduction in the future, and LaSpina's claims for injunctive and declaratory relief with respect to such deductions are therefore moot, whether or not the Union's termination of her deductions constituted "voluntary cessation." *See Friends of the Earth*, 528 U.S. at 189.

Finally, LaSpina implies that she can seek to enjoin conduct she admits has ceased because other former members of Local 668 may have suffered similar harm. *See* Response at 12-13 (contending that Local 668, by refunding LaSpina's post-resignation dues, is "escaping…classwide relief"). But Count 2 presents a claim for *individual* relief only. LaSpina cannot save her individual claim from mootness by suggesting she might choose to pursue class claims at some point in the future.[4]

## III. LaSpina Lacks Standing To Seek an Order Requiring Local 668 to Obtain Additional Written Consent from its Members.

Count 3 of LaSpina's Second Amended Complaint alleges that "neither SEIU Local 668 nor Ms. LaSpina's employer has ever informed her that she has a constitutional right to decline union membership." SAC ¶38. To remedy this alleged injury, LaSpina seeks an injunction preventing Local 668 "from taking money from Ms. LaSpina's paycheck or any other employee's paycheck until the employee signs a written waiver that: (a) post-dates the Supreme Court's ruling in

---

[4] LaSpina has not alleged that the delay in terminating her dues deductions was anything other than an inadvertent error that Local 668 addressed by refunding the dues at issue.

*Janus* and (b) shows that the employee knowingly and freely waived his constitutional right to resign from union membership and withhold payments to the union." SAC ¶39; *see also* ¶53(m). She purports to bring this claim on behalf of current and future members of Local 668. SAC ¶41.

LaSpina lacks standing to pursue relief that will affect only current and potential members of Local 668. LaSpina resigned her membership on August 21, 2018, and has made it clear she has no intention to rejoin the union. *See* SAC ¶13. LaSpina has identified no injury that is suffering, or will suffer, as a result of Local 668's failure to obtain the requested waiver from current or future members.

Rather than contesting these facts, LaSpina contends that she had standing at the time she filed her initial Complaint because she was still subject to membership deductions and that Local 668's motion to dismiss for lack of standing is therefore "really an argument for mootness." Response at 16. This is a distinction without a difference: LaSpina has the burden to show that an actual controversy exists throughout the litigation, whether the inquiry is characterized as involving standing or mootness. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67-68 & n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (internal quotation omitted); *see also McNair v. Synapse Group Inc.*, 672 F.3d 213, 227 n.17 (3d Cir. 2012) ("If the plaintiff loses standing…during the pendency of the proceedings…, the matter becomes moot, and the court loses jurisdiction.") (internal quotation omitted).

Local 668 is no longer receiving membership dues from LaSpina. Lukert Decl. ¶8. The CBA between Local 668 and the Library does not allow the Library to initiate future dues deductions unless LaSpina signs a written authorization, which LaSpina has not alleged she has any intention of doing. Lukert Decl. ¶¶5, 8 & Exh. A; SAC at ¶13 (LaSpina continues to object to Union membership). Thus, LaSpina has no interest in procuring an order from this Court placing conditions on Local 668's future receipt of membership dues from its members, and no "actual controversy" with respect to such deductions remains before this Court.

As with Count 2, LaSpina argues that Local 668's termination of her dues deductions falls within the "voluntary cessation" exception to mootness. Response at 16-17. This argument fails for the same reasons as her arguments regarding the previous claim. The "voluntary cessation" doctrine is meant to prevent defendants from temporarily ceasing challenged conduct solely to avoid judicial review. *See Rendell*, 484 F.3d at 243. Local 668, however, took the steps necessary to permanently halt LaSpina's dues deductions before ever learning about this suit. And even if the "voluntary cessation" doctrine *did* apply to conduct undertaken without knowledge of litigation and without any intention to evade judicial review, the doctrine would be inapplicable to Count 3 because it is "absolutely clear" that the challenged deductions will not recur. *Friends of the Earth*, 528 U.S. at 189.

Finally, even if the voluntary cessation doctrine applied (which it does not), LaSpina would *still* lack standing to seek the relief requested in Count 3. LaSpina alleges that Local 668's purportedly unlawful deduction of membership dues from

current and future members must be cured by obtaining a written waiver from each member or potential member establishing that they are aware of their right not to join Local 668. *See* SAC ¶¶41, 53(m). But LaSpina is well-aware of that right, and she was aware of it at the time she filed suit, having already sent a letter to Local 668 asserting that right. *See* SAC ¶17. The relief requested pursuant to Count 3 would therefore not redress any injury *LaSpina herself* suffered. For that reason, she has failed to allege the redressability necessary to establish standing. *See McNair*, 672 F.3d at 223-25 (former subscribers lacked standing to seek injunctive relief against magazine marketer); *Common Cause of Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009) (plaintiff must show that her "injury will be remedied by the relief [she] seeks in bringing suit") (quotation omitted).

## CONCLUSION

LaSpina's Second Amended Complaint should be dismissed in its entirety under Rule 12(b)(1).

Date: March 11, 2019                Respectfully Submitted,


      /s/P. Casey Pitts
      P. Casey Pitts (CA262463)

SCOTT A. KRONLAND (*pro hac vice*)
P. CASEY PITTS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

E-mail:    skronland@altber.com
           cpitts@altber.com

*Attorneys for Defendant SEIU Local 668*

# CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.8

Pursuant to Local Rule 7.8(b)(2), I hereby certify that the foregoing brief, excluding the caption page, tables, and signature block, includes 3,707 words, as determined by the word count feature of the word processing program used to prepare the brief.

Date: March 11, 2019                    Respectfully Submitted,

                                        _____/s/P. Casey Pitts_____
                                        P. Casey Pitts (CA262463)

                                        SCOTT A. KRONLAND (*pro hac vice*)
                                        P. CASEY PITTS (*pro hac vice*)
                                        ALTSHULER BERZON LLP
                                        177 Post Street, Suite 300
                                        San Francisco, CA  94108
                                        Telephone:  (415) 421-7151
                                        Facsimile:  (415) 362-8064
                                        E-mail:      skronland@altber.com
                                                     cpitts@altber.com

                                        *Attorneys for Defendant SEIU Local 668*

# CERTIFICATE OF SERVICE

I certify that on February 11, 2019, I served the following documents:

**REPLY IN SUPPORT OF DEFENDANT SEIU LOCAL 668'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT**

through CM/ECF upon:

Jonathan F. Mitchell
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Talcott J. Franklin
Shannon W. Conway
Talcott Franklin P.C.
1920 McKinney Avenue, 7th Floor
Dallas, Texas 75201
(214) 642-9191
(214) 709-6180
tal@talcottfranklin.com
sconway@talcottfranklin.com

Edmond R. Shinn
Law Offices of Edmond R. Shinn
7032 Lafayette Avenue
Fort Washington, PA 19034
(610) 308-6544 (phone)
(888) 237-8686 (fax)
eshinn@erslawfirm.com

Walter S. Zimolong III
Zimolong, LLC
P.O. Box 552
Villanova, PA 19085

(215) 665-0842
wally@zimolonglaw.com

*Counsel for Plaintiff and the Proposed Classes*

Martin W. Milz
Samuel L. Spear
Spear Wilderman, P.C.
230 South Broad Street, 14th Floor
Philadelphia, Pennsylvania 19102
(215) 732-0101
mmilz@spearwilderman.com
sspear@spearwilderman.com

*Counsel for Defendants SEIU Local 32BJ, SEIU Pennsylvania State Council and Pennsylvania Joint Board of Workers United*

Bruce M. Ludwig
Lauren M. Hoye
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, Pennsylvania 19103
(215) 656-3600
bludwig@wwdlaw.com
lhoye@wwdlaw.com

*Counsel for SEIU Healthcare PA*

Katchen Locke
Associate General Counsel
SEIU Local 32BJ
25 West 18th Street
New York, New York 10011
(212) 539-2941
klocke@seiu32bj.org

*Counsel for Defendant SEIU Local 32BJ*

Date: March 11, 2019

Respectfully Submitted,

_____/s/P. Casey Pitts_____
P. Casey Pitts (CA262463)

SCOTT A. KRONLAND (*pro hac vice*)
P. CASEY PITTS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
E-mail:       skronland@altber.com
                  cpitts@altber.com

*Attorneys for Defendant SEIU Local 668*