**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BETHANY LASPINA, on behalf of herself and others similarly situated, : : : | |
| Plaintiffs, : | **CIVIL ACTION NO. 3:18-2018** |
| v. : | **(JUDGE MANNION)** |
| SEIU PENNSYLVANIA STATE COUNCIL, *et al.*, : : | |
| Defendants : | |

# MEMORANDUM

Pending before the court are the motions to dismiss, the second amended complaint ("SAC"), (Doc. 66), of plaintiff Bethany LaSpina filed by defendant unions SEIU[1] Local 32BJ ("Local 32BJ"), (Doc. 46), the Pennsylvania Joint Board of Workers United ("JBWU"), (Doc. 52), and SEIU Healthcare PA, (Doc. 59). They claim she fails to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) since she was not a member of these unions and, fails to have Article III standing to pursue class action claims on behalf of members and former members of these unions pursuant to 12(b)(1). For the reasons that follow, the motions to dismiss will be **GRANTED** and plaintiff's federal claims against union defendants will be **DISMISSED WITH PREJUDICE**.

---

[1]Service Employees International Union ("SEIU").

1

## I. BACKGROUND

In this purported class action lawsuit, filed pursuant to 42 U.S.C. §1983, the plaintiff claims that she was unconstitutionally required to pay union dues.[2] Plaintiff alleges that she is employed by the Lackawanna County Library System and that she works at the Scranton Public Library. Plaintiff alleges that she was forced to join defendant union SEIU Local 668 ("Local 668") and to pay dues to this union as a condition of her employment. She alleges that she was unaware that she was not required to be a member of Local 668, and that if she was aware of this, she would have refused to join the union and instead pay "fair share fees."[3] Plaintiff alleges that her employer told her that she was legally required to pay union dues to Local 668. Plaintiff further alleges that since she was not advised of her right not to join Local 668, this union did not obtain her free and informed consent to be a member of it.

---

[2] The facts alleged in plaintiff's SAC must be accepted as true in considering the union defendants' motions to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

[3] Fair share fees are charges non-union member employees had to pay unions to finance the union's collective bargaining activities. However, in Janus v. American Federation of State, County, and Municipal Employees, Council 31, — U.S. —, 138 S. Ct. 2448 (2018), the Supreme Court held that it was a violation of the First Amendment for public sector unions to require non-members to pay fair share fees. In Janus, 138 S. Ct. at 2459, the Supreme Court held that "[s]tates and public-sector unions may no longer extract agency fees from nonconsenting employees." Following Janus, Pennsylvania's statute allowing the collection of "fair share" fees from non-members by unions is no longer enforceable. *See* Hartnett v. Pennsylvania State Education Association, — F.Supp.3d —, 2019 WL 2160404 (M.D.Pa. May 17, 2019).

Plaintiff also alleges that her First Amendment rights were violated when Local 668 continued to take dues from her after she resigned her membership in the union.

In Counts 1, 2 and 3 of her SAC, plaintiff raises constitutional claims against defendants under 42 U.S.C. §1983. Further, plaintiff seeks relief under the Declaratory Judgment Act, 22 U.S.C. §2201, requesting a permanent injunction enjoining defendants from accepting dues or fees unless the employees have given their consent to join the unions.[4] Plaintiff also raises state law claims for conversion, trespass to chattels, replevin, restitution, and unjust enrichment. Also named as defendants are SEIU Pennsylvania State Council, Local 668, Lackawanna County Public Library System, and Scranton Public Library.[5]

Additionally, plaintiff purports to bring claims on behalf of public employee members and former members of the defendant union affiliates of SEIU Pennsylvania State Council alleging that they were unconstitutionally required to pay union dues and fair share fees. She seeks to raise First Amendment claims and state law claims on behalf of public employees who

---

[4]In Hartnett, — F.Supp.3d —, 2019 WL 2160404, the court held that plaintiff's claims for declaratory and injunctive relief were moot since the union defendant stopped the collection of agency fees (i.e., "fair share" union fees) from non-members in light of Janus. *See also* collection of cases cited in Hartnett.

[5]Also pending in this case are the motions to dismiss filed by defendants SEIU Pennsylvania State Council ("State Council"), (Doc. 53), Local 668, (Doc. 70), and Scranton Public Library, (Doc. 88). The court will address these other motions in separate decisions.

3

were allegedly forced to pay dues and fair share fees to the defendant unions.

Plaintiff further purports to bring claims on behalf of all employees in bargaining units represented by affiliates of SEIU Pennsylvania State Council who were subjected to union-related payroll deductions to which they did not knowingly consent.

As relief, plaintiff seeks a refund of all of the dues she paid to Local 668. Plaintiff also seeks to require the other defendant unions to refund all dues and fees they received from her. Additionally, plaintiff seeks punitive damages for herself and for members of all defendant unions who resigned from the unions or requested that the unions stop taking dues or fees after the Janus decision and who continued to have dues or fees withdrawn from their pays.

Plaintiff is proceeding on her SAC filed January 28, 2019. (Doc. 66). On January 14, 2019, Local 32BJ filed its motion to dismiss.[6] (Doc. 46). Also on January 14, 2019, JBWU filed its motion to dismiss, (Doc. 52). On January 16, 2019 Healthcare PA filed its motion to dismiss, (Doc. 59).

The motions to dismiss of Local 32BJ, JBWU and Healthcare PA (collectively "defendant unions") have been briefed. The court now jointly considers the three motions to dismiss. In fact, plaintiff filed one brief in opposition to the three motions, (Doc. 74), and the defendant unions filed a joint reply brief in support of their motions. (Doc. 77).

---

[6]Although the three defendant unions filed their motions to dismiss pertaining to plaintiff's amended complaint, the court converted all of the pending motions to dismiss plaintiff's amended complaint into motions to dismiss her SAC. (Doc. 67).

4

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of his rights under the U.S. Constitution. The court can exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1337. Venue is appropriate in this court since the alleged constitutional violations occurred in this district. *See* 28 U.S.C. §1391.

## II. DISCUSSION[7]

Defendant unions argue that plaintiff's allegations against them fail to state a cognizable claim since she only alleges that she was a member of Local 668 and not that she was a member of defendant unions at any time. Defendant unions also point out that all of the plaintiff's stated allegations

---

[7]Since the standard of review applicable to the defendant's motion to dismiss under Rule 12(b)(6) is stated in the briefs of the parties, the court does not repeat it herein. Suffice to say that "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Also, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008).
    Rule 12(b)(1) provides for the dismissal of a complaint based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." Vieth v. Pennsylvania, 188 F. Supp. 2d 532, 537 (M.D.Pa. 2002). Because the district court is a court of limited jurisdiction, the burden of establishing subject matter jurisdiction always rests upon the party asserting it. *See* Kokkonen v. Guardian Life. Ins. Co. of America, 511 U.S. 375, 377 (1994). Further, since defendant unions' motions to dismiss for lack of subject matter jurisdiction "attacks the complaint on its face", "the court must consider the allegations of the complaint as true." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

regarding her constitutional claims concern Local 668 and do not pertain to them. Defendant unions further state that plaintiff fails to allege that they took any dues/fees from her or caused her any harm. Thus, defendant unions state that since plaintiff fails to allege any facts showing that she was injured or caused any harm by them, she lacks standing to sue them under Article III and she fails to state a cognizable claim against them.

To state a claim under §1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). *See also* Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (To state an actionable claim under §1983, plaintiff must prove that someone deprived her of a constitutional right while acting under the color of state law). Liability in a civil rights action under §1983 cannot be predicated solely on the operation of *respondeat superior*. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003). Rather, liability under section 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (overturned on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence

exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2011) (citation omitted). Further, "[a]llegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207.

No doubt that plaintiff has failed to allege that defendant unions were personally involved in the violation of her constitutional rights. Nor can plaintiff attempt to hold defendant unions vicariously liable for the alleged unconstitutional conduct of Local 668. Plaintiff's SAC contains no facts to support a claim against defendant unions and it does not allege that they were personally involved in the violation of her constitutional rights. Rather, plaintiff's allegations relate to her employer and the union to which she belonged, Local 668, not defendant unions. As stated, plaintiff alleges that the actions of Local 668 violated her rights since it improperly took dues from her and failed to obtain her consent to take dues out of her pay. Thus, plaintiff's allegations fail to show that defendant unions committed any unlawful actions against her and that these unions caused her any injury.

Plaintiff concedes that if she was only suing defendant unions as an individual she would not have standing to sue Healthcare PA, Local 32BJ, or the JBWU since she never belonged to or paid fees to these unions. However, plaintiff states that she can sue the stated unions since she is suing as a class representative and "she seeks to represent all public employees

who were compelled to subsidize the affiliates of the SEIU Pennsylvania State Council." In her pleading, she has alleged that the State Council "coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals", and that the local unions are "affiliated" with the State Council. The SAC also alleges that Healthcare PA, Local 32BJ, and the JBWU "enforced unconstitutional agency shops before the Supreme Court's ruling in Janus and violated the constitutional rights of the plaintiff class members by tapping their paychecks against their will."

Thus, plaintiff contends that even though she was not a member of the three defendant unions and cannot sue them in her individual capacity, she has standing to sue them to claim they forced fees in violation of the Constitution as a representative of a class of plaintiffs who were actually members of these unions and have standing to sue these unions. In short, plaintiff contends that since the putative class members have Article III standing to sue defendant unions she, as the class representative, does not need standing in her own right to sue these unions.

Additionally, plaintiff states that it is premature to determine whether her proposed classes can be certified under Fed.R.Civ.P. 23 since the parties have not yet conducted discovery on class certification and since the court postponed the class certification deadline as requested by the parties until it decided the pending motions to dismiss. (Doc. 96). As such, plaintiff states that "[t]his court has not yet ruled on whether [she] may represent the absent class members, and it cannot rule on the [union] defendants' standing

objections until the class-certification issues are resolved." For support, plaintiff cites to Haas v. Pittsburgh National Bank, 526 F.2d 1083 (3d Cir. 1975).

Plaintiff further contends that under "juridically links" doctrine, which is an exception to the general rule that a class representative "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." She cites again to Haas, 526 F.2d at 1088 and n. 3, as well as other cases. (Doc. 74 at 4). In addition to the so-called exception where there is a juridical link between defendants, plaintiff cites to LaMar v. H&B Novelty Loan Co., 489 F.2d 461 (9th Cir. 1973), and contends that Rule 23 provides another exception to the standing requirement where defendants engaged in a conspiracy or concerted scheme.

In any event, plaintiff maintains that the issue of whether she can represent her proposed class under Haas and the juridical-links doctrine, as well as under the LaMar exception, is an issue that has to be first resolved at the Rule 23 class certification stage and not on Rule 12(b)(1) and (6) motions. Plaintiff states that she has sufficiently alleged in her SAC that she has standing to sue defendant unions as a class representative, and that "she needs only to propose a class that includes public employees who were allegedly injured by each of the [three] union defendants." Plaintiff thus states that the class certification issues must come before the Article III standing

issues defendant unions raise in their motions to dismiss.[8]

"[Rule] 12(b)(1) governs a motion to dismiss for lack of standing, since 'standing is a jurisdictional matter.'" Polanco v. Omnicell, Inc., 988 F.Supp.2d 451, 459 (D.N.J. 2013) (citation omitted). "Standing 'is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution.'" Id. (citation omitted). "A plaintiff must establish his or her standing to bring a case in order for the court to possess jurisdiction over his or her claim. Id. (citation omitted).

"Article III governs constitutional standing and limits [the court's] jurisdiction to actual "cases or controversies." Neale v. Volvo Cars of North America, LLC, 794 F.3d 353, 358-59 (3d Cir. 2015).[9] "Article III requires a plaintiff to demonstrate '(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" Id. (citations omitted). See also Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 2000) ("Standing is established at the pleading stage by setting forth specific facts that indicate that the party has been injured in fact or that injury is imminent, that the challenged action is causally connected to the actual or imminent injury, and that the injury may be redressed by the cause of

---

[8] Plaintiff concedes that the third-party standing doctrine is not applicable in this case.

[9] The court notes that although the Neale case involved class certification, it is addressed herein based on the Third Circuit's discussion on Article III standing.

action."). "Standing requires that the party seeking to invoke federal jurisdiction 'demonstrate standing for each claim he seeks to press.'" Neale, 794 F.3d at 359 (citation omitted).

No doubt that plaintiff herself, the only named plaintiff and class representative, was not injured by defendant unions and she does not have standing on her own to bring individual claims against them. Thus, she has no case or controversy with defendant unions. Nonetheless, plaintiff contends that at this stage of the case she only has to propose a class that includes public employees who were allegedly injured by each of the three defendant unions. She states that until the Rule 23 class certification is decided by the court she can still represent the class members who were members of these unions, who were allegedly injured by these unions, and who have claims against these unions. Therefore, plaintiff argues that it is premature to dismiss the defendant unions prior to the court deciding at class certification whether she can represent the class members who do have claims against these unions.

In Neale, 794 F.3d at 359, the Third Circuit stated, "[i]n the context of a class action, Article III must be satisfied 'by at least one named plaintiff.'" (citing McNair, 672 F.3d at 223; *see also* O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.")).

Here, plaintiff is attempting to put the Rule 23 class certification issue before the Article III standing issue. The court finds that Article III requires that the issue of whether plaintiff has standing to assert claims on behalf of purported class members against defendant unions must be decided before the court decides the issue of class certification under Rule 23. The named plaintiff must first demonstrate she is properly before the court, i.e., has Article III standing, and then the issue to be decided is whether she complies with the provisions of Rule 23 with respect to the purported class members. Indeed, as the Third Circuit stated in Neale, 794 F.3d at 362, "unnamed, putative class members need not establish Article III standing", rather, "the 'cases or controversies' requirement is satisfied so long as a class representative has standing." Thus, the class representative, i.e., the plaintiff, must first have Article III standing regarding defendant unions before the court decides whether she can represent the purported class members who were members of defendant unions and who were allegedly injured by them.

Additionally, the court finds no merit to plaintiff's contention that the Rule 23 class certification issue must be decided before the standing issue raised in defendant unions' Rule 12(b) motions to dismiss. *See* Polanco, 988 F.Supp.2d at 464 ("Because Plaintiff's standing to bring a claim against [defendant] is a threshold jurisdictional requirement, the Court considers this argument at the outset.") (internal citation omitted). *See also* Rabin v. NASDAQ OMX PHLX LLC, 182 F.Supp.3d 220, 229 (E.D.Pa. 2016) (court held that plaintiff must first be able to satisfy the requirements of Article III

standing prior to conducting the Rule 23 class certification analysis since "[a] federal rule cannot alter a constitutional requirement.") (citations omitted); In re Franklin Mut. Funds Fee Litigation, 388 F.Supp.2d 451, 460 (D.N.J. 2005) ("Standing is a threshold inquiry, not a mere hurdle that can be cleared with the assistance of Rule 23."); Holve v. McCormick & Company, Inc., 334 F.Supp.3d 535, 547-48 (W.D.N.Y. 2018).

As the Third Circuit in Neale, 794 F.3d at 360, explained:

> [C]onsiderations under Rule 23 are themselves procedural rules, and thus rarely can be antecedent to the question of whether a federal court has jurisdiction to hear a claim at all. *See* 28 U.S.C. §2072(a), (b) (authorizing the Supreme Court to prescribe "general rules of practice and procedure," but providing that those rules "shall not abridge, enlarge or modify any substantive right"); Fed.R.Civ.P. 82 (stating that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts"); 1 William B. Rubenstein, Newberg on Class Actions §1:1 (5th ed. 2012) ("Rule 23 is, therefore, fundamentally a procedural device: it cannot ordinarily be construed to extend or limit the jurisdiction and venue of federal courts."). What is more, the Supreme Court has recently explained that "statutory standing" is "misleading, since 'the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction.'" Lexmark Int'l, Inc. v. Static Control Components, Inc., ——U.S. ——, 134 S.Ct. 1377, 1387 n. 4, 188 L.Ed.2d 392 (2014) (quoting Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642–43, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002)). Because a federal court has a "bedrock obligation to examine both [its] own subject matter jurisdiction and that of the district courts," Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 & n. 5 (3d Cir. 1997), it is improper to "resolve contested questions of law when its jurisdiction is in doubt." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

In this case, there is no dispute that plaintiff herself has not been injured by defendant unions. These defendant unions are separate and distinct from

13

Local 668, the union to which plaintiff belonged and allegedly caused her injury. "[S]tanding cannot be predicated on an injury which the plaintiff has not suffered, nor can it 'be acquired through the back door of a class action.'" In re Franklin Mut. Funds Fee Litigation, 388 F.Supp.2d at 461 (citing Allee v. Medrano, 416 U.S. 802, 828–29, 94 S.Ct. 2191 (1974); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734 (3d Cir. 1970) ("[A] predicate to appellee's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class.")).

Moreover, plaintiff's reliance on Haas is misplaced. The Haas case involved class certification under Rule 23 and not Article III standing. In Haas, the Third Circuit only decided the issue of whether the plaintiff who had standing to sue a specific defendant could serve as the class representative under Rule 23 for class members who had "closely related" claims against the same defendant, (i.e., Mellon Bank), not other defendants. The plaintiff in Haas herself had direct claims against Mellon Bank and the Third Circuit found that for purposes of class certification, plaintiff's direct claims were "closely related" to the claims of the purported class members since the harm they suffered by the same defendant was the same (excessive fees charged to cardholders), they arose out of the same agreements, and the harm they allegedly suffered arose under the same statute. *See* Rabin, 182 F.Supp.3d at 228 ("[U]nder Haas, a plaintiff with claims against one defendant can maintain similar claims that other class members have against **that defendant**.") (emphasis added).

As union defendants state in their reply brief, "Haas does not hold that a plaintiff has standing to bring class claims against defendants she lacks standing to sue individually." In the instant case, there is no named plaintiff who was a member of defendant unions and who was injured by these unions. Our plaintiff's alleged injury is not "fairly traceable" to the actions of defendant unions.

The court in Polanco, 988 F.Supp.2d at 464, discussed the requirements of Article III standing and stated:

> The fact "[t]hat a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). (citations omitted). Moreover, "plaintiff may not maintain an action on behalf of a class against a specific defendant if the plaintiff is unable to assert an individual cause of action against that defendant[,]" "[w]hether for reasons of lack of standing ... or for lack of Rule 23(a)(3) typicality[.]" See Haas v. Pittsburgh Nat. Bank, 526 F.2d 1083, 1086 n. 18 (3d Cir. 1975) (citations omitted).

As such, Haas does not apply in this case since there is no dispute that plaintiff individually has no standing to assert any claim against unions defendants. *See* Rabin , 182 F.Supp.3d at 230 ("In Haas, the plaintiff could only adopt class members' claims against defendants the plaintiff could already sue for other claims; he was not permitted to adopt claims against additional defendants.") (citing Haas, 526 F.2d at 1095); In re Franklin Mut. Funds Fee Litigation, 388 F.Supp.2d at 462 ("[I]f the named plaintiffs cannot or do not assert their own direct claim against a named defendant, they may

15

not bring a claim against that defendant on behalf of other investors.").

As discussed, plaintiff failed to allege in her SAC any specific conduct by union defendants that is "fairly traceable" to her alleged injury. Thus, plaintiff lacks standing to sue union defendants. *See* Polanco, 988 F.Supp.2d at 465; Rabin, 182 F.Supp.3d at 230-31.

Further, the Third Circuit has not adopted the LaMar exceptions and the juridical link doctrine.

The court in Byrd v. Aaron's Inc., 14 F. Supp. 3d 667, 682-83 (W.D.Pa. 2014), rev'd on other grounds (i.e., on district court's Rule 23 class certification analysis), 784 F.3d 154 (3d Cir. 2015), addressed the LaMar exceptions and the juridical link doctrine and stated:

> This juridical link doctrine was first mentioned in LaMar v. H & B Novelty & Loan Co., 489 F.2d 461 (9th Cir. 1973), which held in assessing Rule 23's typicality requirement that "a plaintiff who has no cause of action against the defendant cannot fairly and adequately protect the interests of those who do have such causes of action ... even though the plaintiff may have suffered an identical injury at the hands of a party other than the defendant." Id. at 466. The *LaMar* Court then suggested, in dicta and without further discussion, that there may be two exceptions to that rule: One exception covers cases in which the named plaintiff's injuries were "the result of a conspiracy or concerted schemes between the defendants" and another exception covers cases in which it would be "expeditious" to combine the defendants into one action because they are "juridically related." Id.

As stated, the Third Circuit has not adopted the juridical link doctrine and while it mentioned the doctrine and the LaMar exceptions in Haas, 526 F.2d at 1096, and n. 18, it "did so in the context of tolling a statute of limitations time bar in [the] case that had been certified as a class action." *Id*.

This court concurs with the case of 6803 Blvd. East, LLC v. DIRECTV, LLC, 17 F.supp.3d 427, 432 (D.N.J. 2014), in which it was stated that "[t]his court ...rejects an approach that would allow plaintiffs to use the juridical link doctrine —developed in the Rule 23 context—to circumvent the constitutional Article III requirement that they demonstrate standing as to each defendant."

This court also finds the Second Circuit's rejection of the LaMar's juridical link doctrine more persuasive. In Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 64 (2d Cir. 2012) (internal citations and quotations omitted), the Second Circuit examined the doctrine and stated:

> [W]hether or not Rule 23 would permit a plaintiff to represent a class against non-injurious defendants cannot affect the plaintiff's Article III standing to sue the non-injurious defendants. A federal rule [of procedure] cannot alter a constitutional requirement. It is well established that a plaintiff must demonstrate standing for each claim she seeks to press. Thus, with respect to each asserted claim, a plaintiff must always have suffered a distinct and palpable injury to herself. In no event ... may Congress abrogate the Article III minima ....

The Court in Mahon, *id*. at 64, "also disagree[d] with the approach that analyzes class certification before Article III standing and treats the class as the relevant legal entity."

Moreover, the court finds that the juridical link doctrine does not apply to its Article III standing analysis. "The juridical link doctrine has no bearing on standing; rather, its place lies in a Rule 23 analysis." In re Franklin Mut. Funds Fee Litigation, 388 F.Supp.2d at 462 n. 7 (citing Matte v. Sunshine Mobile Homes, Inc., 270 F.Supp.2d 805, 822 (W.D.La. 2003) (concluding that the "juridical links doctrine has no bearing on the issue of standing"); Henry

17

v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D.Nev. 2004) (stating that a "doctrine developed under Rule 23 based on judicial efficiency and expedience does not play a role in an Article III standing analysis"); In re Eaton Vance Corp. Sec. Litig., 220 F.R.D. 162, 171 (D.Mass. 2004) (same)).

As such, the motions to dismiss of union defendants will be granted. Plaintiff's claims against these three defendants will be dismissed with prejudice since plaintiff has already amended her complaint and, it would be futile and unduly prejudicial to defendants to allow her to amend her pleading another time as against them since she lacks standing under Article III.

Finally, considering judicial economy, convenience and fairness to the litigants, the district court in its discretion is permitted to decline the exercise of supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) (citations omitted). *See* Patel v. Meridian Health System, Inc., 666 Fed.Appx. 133, 136 (3d Cir. 2016) ("A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction.") (citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). The court has made the appropriate considerations and finds no extraordinary circumstances exist in this case to exercise supplemental jurisdiction over plaintiff's remaining Pennsylvania state law claims against union defendants.

Since plaintiff's federal claims over which this court had original jurisdiction shall not be permitted to proceed to trial against union defendants, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims against union defendants. *Id.; see also* 28 U.S.C. §1367(c)(3); Verdecchia v. Prozan*,* 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

As such, plaintiff's state law claims against union defendants shall be dismissed without prejudice. Kach, 589 F.3d at 650 ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits.") (citation omitted).

### III. CONCLUSION

Based on the foregoing reasons, the court will **GRANT** the motions to dismiss plaintiff's SAC, (Doc. 66), of union defendants, SEIU Local 32BJ, (Doc. 46), the Pennsylvania Joint Board of Workers United, (Doc. 52), and SEIU Healthcare PA, (Doc. 59), with respect to her federal claims against them, and plaintiff's federal claims against union defendants shall be **DISMISSED WITH PREJUDICE**. Plaintiff's state laws claims against union defendants shall be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.

S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2019**
18-2018-01.wpd