# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANY LASPINA, on behalf of herself and others similarly situated, : : : | |
| Plaintiffs, : | **CIVIL ACTION NO. 3:18-2018** |
| v. : | **(JUDGE MANNION)** |
| SEIU PENNSYLVANIA STATE COUNCIL, *et al.*, : : | |
| Defendants : | |

## MEMORANDUM

Pending before the court is the motion to dismiss the second amended complaint ("SAC"), (Doc. 66), of plaintiff Bethany LaSpina filed by defendant union SEIU[1] Pennsylvania State Council ("State Council"), (Doc. 53), for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) since she was not a member of this union and, for failure to have Article III standing to pursue class action claims on behalf of members and former members of this union pursuant to 12(b)(1). State Council also contends that its affiliation with the union defendant to which she paid fees is not sufficient to confer on plaintiff standing to sue it or to state a claim against it. For the reasons that follow, State Council's motion to dismiss will be **GRANTED** and plaintiff's federal claims against this defendant will be **DISMISSED WITH PREJUDICE**.

---

[1]Service Employees International Union ("SEIU").

1

**I.   BACKGROUND**[2]

Plaintiff claims that she was unconstitutionally required to pay union dues and, in Counts 1, 2 and 3 of her SAC, she raises federal claims against all defendants pursuant to 42 U.S.C. §1983.[3] In particular, plaintiff alleges that her First Amendment rights were violated when Local 668 continued to take dues from her paycheck after she resigned her membership in the union, based on the Janus [4] decision, and after she told her employer (i.e., Scranton Public Library) to "halt the payroll deduction of union-related fees." With respect to the union defendants other than Local 668, plaintiff alleges that they "enforced unconstitutional agency shops before the Supreme Court's ruling in Janus and violated the constitutional rights of the plaintiff class members by tapping their paychecks against their will."

Further, plaintiff seeks relief under the Declaratory Judgment Act, 22 U.S.C. §2201, requesting a permanent injunction enjoining defendants from accepting dues or fees unless the employees have given their consent to join the unions.

---

[2]Since the court stated the background of this case in its August 29, 2019 Memorandum granting the motions to dismiss plaintiff's SAC, (Doc. 66), of union defendants, SEIU Local 32BJ, (Doc. 46), the Pennsylvania Joint Board of Workers United, (Doc. 52), and SEIU Healthcare PA, (Doc. 59), it will not be fully repeated herein. (Doc. 98).

[3]The facts alleged in plaintiff's SAC must be accepted as true in considering defendant State Council's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

[4]Janus v. American Federation of State, County, and Municipal Employees, Council 31, — U.S. —, 138 S. Ct. 2448 (2018).

Plaintiff also raises state law claims against all defendants for conversion, trespass to chattels, replevin, restitution, and unjust enrichment.

In addition to SEIU Pennsylvania State Council, remaining defendants in this case are Local 668, Lackawanna County Public Library System, and Scranton Public Library.[5]

Plaintiff alleges that State Council "coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania." Plaintiff also alleges that the other four union defendants were "affiliated with" State Council. Additionally, plaintiff purports to bring claims on behalf of public employee members and former members of the defendant union affiliates of State Council alleging that they were unconstitutionally required to pay union dues and fair share fees. She seeks to raise First Amendment claims and state law claims on behalf of public employees who were allegedly forced to pay dues and fair share fees to the defendant union affiliates of State Council.

---

[5]Also pending in this case are the motions to dismiss filed by defendants Local 668, (Doc. 70), and Scranton Public Library, (Doc. 88). The court will address these other motions in separate decisions.

The court notes that plaintiff has failed to serve Lackawanna County Public Library System with her SAC. Although plaintiff stated in her March 27, 2019 status report regarding service, (Doc. 84), that if Lackawanna County Public Library System failed to return the waiver of service form or failed to appear in the case by April 12, 2019, she would hire a process server to serve this defendant, to date, no waiver of service has been filed with respect to this defendant and no counsel entered an appearance for this defendant. As such, the court puts plaintiff on notice that if she fails to serve Lackawanna County Public Library System with her SAC within 14 days of the date of the Order accompanying this Memorandum, this defendant will be dismissed from this case pursuant to Fed.R.Civ.P. 4(m).

Plaintiff further purports to bring claims on behalf of all employees in bargaining units represented by affiliates of State Council who were subjected to union-related payroll deductions to which they did not knowingly consent.

As relief, plaintiff seeks a refund of all of the dues she paid to Local 668. Plaintiff also seeks to require the defendant unions to refund all dues and fees they received from her. Additionally, plaintiff seeks punitive damages for herself and for members of all defendant unions who resigned from the unions or requested that the unions stop taking dues or fees after the Janus decision and who continued to have dues or fees withdrawn from their pay. Further, plaintiff is seeking injunctive relief on her own behalf and behalf of class members who were subjected to union-related payroll deductions without their consent, and she requests the court to enjoin "[State Council] and its affiliates from taking money from any public employee until the union obtains a freely given and fully informed waiver of the employee's constitutional rights under Janus."

Plaintiff is proceeding on her SAC filed January 28, 2019. (Doc. 66). On January 14, 2019, State Council filed its original motion to dismiss.[6] (Doc. 53).

The motion to dismiss of State Council has been briefed. (Docs. 55, 74 & 78).

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331

---

[6] Although the defendant unions, including State Council, filed their motions to dismiss pertaining to plaintiff's amended complaint, the court converted all of the pending motions to dismiss plaintiff's amended complaint into motions to dismiss her SAC. (Doc. 67).

and 28 U.S.C. §1343(a) because plaintiff avers violations of his rights under the U.S. Constitution. The court can exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1337. Venue is appropriate in this court since the alleged constitutional violations occurred in this district. *See* 28 U.S.C. §1391.

## II.    DISCUSSION[7]

State Council argues that plaintiff's allegations against it fail to state a cognizable claim since plaintiff only alleges that she was a member of Local 668 and not that she was ever a member of State Council. State Council also states that all of the plaintiff's allegations regarding her constitutional claims concern Local 668 and do not relate to it. State Council contends that plaintiff fails to allege any facts related to any of the union defendants other than Local 668, and that she only allege that these other unions were affiliated with State Council. State Council further states that plaintiff fails to allege that it took any dues/fees from her or caused her any harm. As such, State Council contends that plaintiff does not state any facts that show it had any participation in the unlawful activities alleged in her SAC. It points out that "[plaintiff] neither alleges paying any dues or other money to [State] Council or its ever having represented her in any respect at her job", and that she fails

---

[7]Since the standards of review applicable to State Council's motion to dismiss are stated in the briefs of the parties and noted in the court's August 29, 2019 Memorandum, the court does not repeat them herein.

to describe how State Council's alleged role as coordinating and unifying "the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania" "bears any relationship to the membership and dues issues she raises in this action."

Thus, State Council states that since plaintiff fails to allege any facts showing that she was injured or caused any harm by it, her SAC against it should be dismissed for lack of jurisdiction since plaintiff lacks standing to sue it under Article III and, for failure to state a cognizable claim against it.

To state a claim under §1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). *See also* Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (To state an actionable claim under §1983, plaintiff must prove that someone deprived her of a constitutional right while acting under the color of state law). Liability in a civil rights action under §1983 cannot be predicated solely on the operation of *respondeat superior*. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003). Rather, liability under section 1983 is personal in nature and can only follow personal involvement by each defendant in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See*

Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (overturned on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2011) (citation omitted). Further, "[a]llegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207.

Plaintiff has failed to allege that State Council was personally involved in the violation of her constitutional rights. Plaintiff does not allege that she was ever a member of State Council, that State Council took any dues/fees from her or that State Council failed to advise her of her right not to join Local 668. Further, plaintiff does not allege that State Council participated in or acquiesced in the alleged unlawful activities of Local 668. Specifically, plaintiff alleges that she was essentially forced to join Local 668 since she was not advised of her right not to join the union and forced to pay this union dues, and that even though she resigned her membership with Local 668, it continued to take dues from her pay. However, plaintiff does not allege any facts to show that State Council played any role or had any involvement with the alleged unlawful conduct of Local 668 with respect to membership and dues. Nor can plaintiff attempt to hold this State Council or any defendant vicariously liable for the alleged unconstitutional conduct of Local 668.

Plaintiff argues that she can proceed with her claims against State

Council since she alleged that her union, Local 668, is affiliated with State Council. In particular, plaintiff states that she has individual standing to seek injunctive relief against State Council since she has alleged that it "coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania." Plaintiff indicates that her allegation is directly derived from State Council's website, http://seiupa.org/about/. Plaintiff contends that since State Council "coordinates and supervises the behavior of its locals, including Local 668," she "may seek injunctive relief against the Council to ensure that Local 668 stops tapping her paycheck and honors her instructions to halt the payroll deduction of membership dues." Plaintiff further states that she "has suffered injury from the Council's failure to ensure that its locals promptly accept and implement the resignations of unwilling union members", and that "[this] injury will be redressed by an injunction directing the Council to instruct its locals to immediately honor an employee's resignation from membership and to promptly halt payroll deductions upon resignation."

Additionally, plaintiff contends that she has individual standing to sue State Council for "a refund of money that was unconstitutionally taken from [her] and transferred to the Council." (citing SAC, Doc. 66 at ¶32) ("SEIU Pennsylvania is liable to return any money that was unconstitutionally seized from [plaintiff] or her fellow class members and transferred to SEIU Pennsylvania."). As such, plaintiff states that she has alleged sufficient facts at this stage of this case to move forward with her claims against State

8

Council and, that through discovery the parties can determine if there is evidence to show that State Council influenced the behavior of Local 668, and to determine if State Council received "any money from Local 668 while it was operating agency shops in violation of the Constitution."

"When determining the vicarious liability of an international union for the [unlawful] actions of its local union affiliates and their officers, common law agency principles apply." Scott v. Graphic Commc'ns Int'l Union, Local 97-B, 92 Fed.Appx. 896, 904 (3d Cir. 2004) (citations omitted). Importantly, "[a] principal-agent relationship may not be inferred solely from affiliation between an international union and a local union." *Id*. (citations omitted). *See also* Shimman v. Frank, 625 F.2d 80, 97 (6th Cir. 1980) ("The International Union is a separate body from the local. The acts of the local and its agents cannot automatically be imputed to the International."). Under the common law principles of agency "if the local engages in illegal conduct in furtherance of its role as an agent of the international, the international will be liable for the local's actions." Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the United States and Canada, 248 F.3d 931, 935 (9th Cir. 2001) (citing Carbon Fuel Co. v. United Mine Workers of Am., 444 U.S. 212, 217 (1979)). "However, if the local exercises considerable autonomy in conducting its affairs, it cannot be regarded as an agent of the international, and the international accordingly cannot be held liable under an agency theory for the local's actions." *Id*. Thus, "without evidence that [the International] instigated, supported, ratified or

9

encouraged the Local's activities or the Local acted pursuant to its agreement with the International, there [is] no agency relationship as a matter of law." Carr v. Local Union 1593, Intern. Broth. of Elec. Workers, 371 F.Supp.2d 1097, 1105 (D.N.D. 2005) (citations omitted).

"The test to determine whether an agency relationship exists [between an International union and a Local affiliate] is essentially one of balancing the character of the business affairs subject to the International's control and supervision against those left to the discretion of the local." Scott, 92 Fed.Appx. at 905 (citations omitted). Thus, plaintiff can hold State Council responsible, as the state-wide union, for the alleged unlawful conduct of its local union, Local 668, if an agency relationship existed between them.

No doubt that the Supreme Court and the Third Circuit have held that international unions may be held liable for the activities of their local affiliates when they "instigate, support, ratify, or encourage" any of the local union's unlawful activities. Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1288 (3d Cir. 1991) (quoting Carbon Fuel Co. v. United Mine Workers of Am., 444 U.S. 212, 218 (1979)). *See also* Wentz v. Int'l Bhd. of Electrical Workers, 578 F.2d 1271, 1273 (8th Cir.1978) ("Under ordinary rules of agency, International is not liable for acts of Local 1525 which it has not authorized or ratified."). Here, there are no such factual allegations contained in plaintiff's SAC regarding State Council and Local 668. Nor are there any allegations that State Council participated in the alleged unlawful conduct of Local 668. Plaintiff simply alleges that State Council is the

labor union that "coordinates and unifies the collective political, administrative, and communication structures of all SEIU locals and districts throughout Pennsylvania." This conclusory allegation details no facts to support a cognizable claim against State Council and it does not allege that State Council was personally involved in the alleged violation of her constitutional rights. Rather, plaintiff's allegations relate to her County employer and Local 668, the union to which she belonged, not to State Council. As stated, plaintiff only alleges that the actions of Local 668 violated her rights since it improperly took dues from her and failed to obtain her consent to take dues out of her pay. Plaintiff also alleges that after the <u>Janus</u> decision she told Local 668 to stop taking dues from her paycheck but it continued to do so.

State Council states that plaintiff's allegations fail to show that it committed any unlawful actions against her, or directed the unlawful conduct of Local 668, and that she fails to allege that it caused her any injury. State Council states that plaintiff's "conclusory allegations are far too vague and undefined to establish a relationship sufficient to confer standing on [plaintiff] to advance her claims [against it]",and that "[s]he identifies only misdeeds by her own Local [union, 668]." Moreover, State Council contends that plaintiff lacks standing under Article III to sue it since she has not alleged that it caused her any injury as a result of its alleged unlawful conduct sufficient to meet the case or controversy requirement.

As such, State Council contends that since plaintiff raises no inference that it has "legal responsibility for any violations of the law that may have

11

caused [plaintiff] any harm", she cannot simply rest on her allegation that Local 668 is affiliated with State Council. State Council argues that plaintiff cannot impose liability on it for the alleged wrongful conduct of the local union to which she belonged, Local 668, since "[her] barebones pleading [] describes no action at all taken, authorized, or ratified by the Council that caused her injury." Further, it is clear that "bald assertions of control are insufficient to set forth an agency relationship." Ponton v. U.S. Department of Justice/U.S. EEOC, 2009 WL 10697638, *4 (E.D.Pa. July 29, 2009) (citation omitted).

The court finds that plaintiff has not alleged any facts to show that State Council "controlled, was involved in, or had knowledge of the [alleged unlawful] activities of the Local Union [668]", nor does plaintiff allege that State Council controlled, authorized or ratified the alleged improper conduct of Local 668. Thus, plaintiff has failed to plausibly state that there was an agency relationship between State Council and Local 668. *See* Scott, 92 Fed. Appx. at 905.

Although plaintiff contends that it is premature until after discovery to determine if State Council influenced or controlled the alleged unlawful conduct of Local 668, plaintiff is now proceeding on her third pleading and she has had more than ample opportunity to plausibly state with sufficient particularity her claims against State Council. As discussed, plaintiff's allegations do not establish a common law agency between Local 668 and State Council. Nor has plaintiff alleged that she paid any money to State

Council (or to any of the other union defendants). And she has not alleged that State Council received any of her money from Local 668 or that Local 668 sent State Council any money it received from its membership dues. In fact, plaintiff specifically alleges in her SAC, Doc. 66 at ¶12, that "she was forced to pay money to [] Local 668 as a condition of her employment." Also, it is significant that plaintiff has not alleged that State Council participated in or supervised any unlawful conduct Local 668 directed at her. She has not even alleged that State Council had any knowledge of the alleged unlawful activity of Local 668. Regardless, "[m]ere constructive knowledge of possible illegal activity on the local level is not sufficient to impose a legal duty to intervene on the International Union" Scott, 92 Fed. Appx. at 905 (citation omitted). As the Third Circuit explained in Brenner, 927 F.2d at 1289, "[i]mposing upon an international union the legal obligation to protect local union members from allegedly abusive tactics by local officers could alter the delicate balance between local unions and their internationals, to the sacrifice of local union independence."

Insofar as plaintiff attempts to hold State Council liable for the actions of Local 668, the court finds that instant case similar to Pursell v. Dianne Spence-Brown, 2013 WL 5936634 (D.N.J. Nov. 1, 2013). In Pursell, *id.* at *4, the court dismissed the claims against IBT, the parent union for Teamsters 115, stating that "the Complaint alleges a myriad of wrongful conduct against Teamsters 115, the local union which represented Plaintiffs", but "there are no allegations that IBT instigated, supported, ratified or encouraged the

particular activities alleged or that IBT had any control over Teamsters 115's actions." The court also held that it was not sufficient to hold IBT liable for the alleged unlawful actions of Teamsters 115 simply because plaintiffs allegedly sent IBT a letter complaining and seeking assistance because this "did not establish that IBT 'authorize[d] and ratif[ied] allegedly improper conduct by failing to intervene' despite having knowledge of the matters." *Id*. (citing Scott, 92 Fed.Appx. at 905-06). The court further pointed out that "Plaintiffs d[id] not make any specific allegations that IBT had influence or control over the decisions of Teamsters 115", and it found that the pleading was insufficient since it "contain[ed] nothing more than 'labels and conclusions.'" *Id.* (citing Ashcroft, 556 U.S. at 678). Thus, the court found that since plaintiffs failed to "adequately pled facts establishing" an agency relationship between IBT and Teamsters 115, the claims against IBT were subject to dismissal under Rule 12(b)(6). *Id*. See also Boyd v. International Ass'n of Machinists and Aerospace Workers, 2012 WL 78250, *4 (D.N.J. Jan. 9, 2012) (court dismissed plaintiff's complaint since it only alleged specific facts relating to the unlawful actions of local union officials "for which the international union is neither directly nor vicariously liable", and since plaintiff did not allege any basis for vicarious liability attributable the international union as she did not state any facts regarding the action, inaction, or ratification by the international union of the local union's unlawful conduct). The court in Boyd, *id*., stated that the complaint "[did] not allege facts sufficient to state a plausible right to relief on the grounds that IAM [international union] instigated,

14

supported, ratified or encouraged activities in relation to the alleged discrimination and retaliation [by the local union] against Plaintiff []."

Nor does the court find plaintiff's reliance on State Council's website persuasive. *See* Brenner, 927 F.3d at 1291-92 (Third Circuit held that even though the International union's constitution gave it the power to supervise and intervene in the affairs of the Local union, as well as the power to rectify violations and to protect the interests and rights of the Local's members, this provision did not impose an obligation on the International union to intervene, rather it only gave it a discretionary right to do so). Clearly, since the constitutional provision which the Third Circuit considered in Brenner was not sufficient to impose liability on the parent union for the alleged wrongful conduct of the local union, the broader language in State Council's website does not show, under the principles of common law agency, that State Council "participated in, ratified, encouraged, or affirmed" any alleged wrongful conduct of Local 668. *See id. See also* Pursell, *supra.*

As such, the motion to dismiss of State Council will be granted. Plaintiff's federal claims against this defendant will be dismissed with prejudice since plaintiff has already filed three complaints and, it would be futile and unduly prejudicial to State Council to allow her to file a fourth pleading against it.

Finally, considering judicial economy, convenience and fairness to the litigants, the district court in its discretion is permitted to decline the exercise of supplemental jurisdiction over state law claims if the court has dismissed

all of the claims over which it had original jurisdiction. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) (citations omitted). *See* Patel v. Meridian Health System, Inc., 666 Fed.Appx. 133, 136 (3d Cir. 2016) ("A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction.") (citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). The court has made the appropriate considerations and finds no extraordinary circumstances exist in this case to exercise supplemental jurisdiction over plaintiff's remaining Pennsylvania state law claims against State Council. Since plaintiff's federal claims over which this court had original jurisdiction shall not be permitted to proceed to trial against State Council, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims against union defendants. *Id.; see also* 28 U.S.C. §1367(c)(3); Verdecchia v. Prozan, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

Additionally, since plaintiff lacks standing to assert federal claims against State Council, the absence of federal jurisdiction over her federal claims deprives the court from exercising supplemental jurisdiction over her state law claims against this defendant. Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 299-300 (3d Cir. 2003) (citations omitted).

As such, plaintiff's state law claims against State Council shall be dismissed without prejudice. Kach, 589 F.3d at 650 ("If a district court decides

not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits.") (citation omitted).

III. CONCLUSION

Based on the foregoing reasons, the court will **GRANT** the motion to dismiss plaintiff's SAC, (Doc. 66), of State Council, (Doc. 53), with respect to her federal claims against it, and plaintiff's federal claims against State Council shall be **DISMISSED WITH PREJUDICE**. Plaintiff's state laws claims against State Council shall be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 11, 2019**
18-2018-02.wpd